Marshall Roberson was convicted upon circumstantial evidence of having possession of marijuana. The only question raised upon this appeal is whether the trial court erred in permitting the state to prove that the defendant had been convicted in May of 1944 on a charge of burglary in the nighttime.
The defendant took the witness chair in his own defense. On direct examination his attorney asked: *Page 596 
 "Q. Have you ever been arrested or convicted of a criminal offense? A. I have, yes.
"Q. Have you ever been mixed up with marijuana in any way? A. No."
On cross-examination the prosecuting attorney asked:
"Q. On February 26th, 1944, were you arrested and convicted on the charge of larceny and resisting a police officer?"
After objection and discussion by counsel of the propriety of the question the court overruled the objection. The question was then rephrased by the prosecutor:
"Q. Now, Mr. Roberson, on February 26th, 1944, were you arrested and convicted of a charge of larceny and resisting a police officer and sentenced to six months in the house of correction and your sentence suspended on March 1st, 1944?"
Objection to this question was sustained. Another similar question was then asked and objection to it was sustained.
The court then instructed the jury that matter contained in questions to which objections had been sustained was not evidence and should be wholly disregarded.
By the prosecutor:
"Q. During the month of May of 1944, were you convicted in the municipal court of Milwaukee county on a charge of burglary in the nighttime?"
There was objection by defense counsel and the court overruled the objection. After a short colloquy between the defendant and the court, defendant demanding to know why he had to answer and whether he was being tried for the earlier offense or for possession of marijuana, the question was read to him by the reporter and he answered: "I was."
At the close of the trial the court instructed the jury that such evidence was received solely for the purpose of aiding the jury in testing the credibility of defendant as a witness in this case.
Appellant contends that the trial court erred in admitting evidence of the type and disposition of previous convictions for other offenses after defendant had admitted the fact of previous conviction.
The objections to questions asked by the prosecutor, which showed the disposition of cases where previous convictions had been obtained, were sustained. The trial court specifically instructed the jury that such questions were improper and did not constitute evidence, and were to be ignored. The trial court's admission into evidence of the nature of the offense of which the defendant was convicted in 1944 for the purpose of reflecting his credibility as a witness, was not an abuse of discretion. Meyers v. State (1927),193 Wis. 126, 213 N.W. 645.
By the Court. — Judgment affirmed.