STATE, Respondent, vs. ADAMS, Appellant.*

*June 9—June 30, 1950.*

* Motion for rehearing denied, without costs, on October 3, 1950.

434

For the appellant there was a brief by *Bassuener, Humke, Poole & Axel* of Sheboygan, and oral argument by *H. S. Humke.*

For the respondent there was a brief by the *Attorney General, William A. Platz,* assistant attorney general, and

*Fred G. Dicke,* district attorney of Manitowoc county, and oral argument by *Mr. Platz* and *Mr. Dicke.*

GEHL, J. Defendant was charged with the violation of sec. 351.22, Stats. (abortion), and sec. 340.095 (murder based on the same transaction). Four counts under the repeater statutes were also included in the information. For the consideration of the issues raised by him it is not necessary to set out in detail a statement of the facts.

Upon his direct examination defendant testified to four previous convictions. Upon his cross-examination he was again asked by the district attorney as to each of the convictions. The district attorney's question in each case included a reference to the nature of the offense—abortion. The court overruled an objection in each case and defendant was permitted to answer.

Defendant contends that the court erred in so ruling. His objection is based upon the ground that nothing more than the mere fact of a conviction may be shown, and that it was error to permit the district attorney to include in the inquiry a reference to the nature of the offense which resulted in the convictions.

This court has consistently held that proof of a former conviction of a defendant in a criminal action may be received but that nothing except the mere fact of conviction may be shown. *Paulson v. State,* 118 Wis. 89, 94 N. W. 771; *Rice v. State,* 195 Wis. 181, 217 N. W. 697; *Smith v. State,* 195 Wis. 555, 218 N. W. 822. Such testimony has been permitted solely for the purpose of going to the credibility of the witness. In *Rice v. State, supra,* an effort was made by the district attorney to go beyond the mere proof of the conviction and to show the nature of the offense upon which it was had. The court held that to inject proof beyond the mere fact of conviction was highly prejudicial. In *Paulson v. State, supra,* the court said (p. 98):

"From the time when advancing civilization began to recognize that the purpose and end of a criminal trial is as much to discharge the innocent accused as to punish the guilty, it has been held that evidence against him should be confined to the very offense charged, and that neither general bad character nor commission of other specific disconnected acts, whether criminal or merely meretricious, could be proved against him."

When the defendant admitted upon his direct examination that he had been previously convicted the entire purpose of the rule permitting proof of previous convictions had been accomplished and there was no occasion or need for either the defendant or the district attorney to go into further detail. ". . . proof of a fact is dispensed with when its existence is admitted." *Meyers v. State,* 193 Wis. 126, 127, 213 N. W. 645. The purpose of the rule is not to prejudice the minds of the jury by showing that the defendant had been guilty of another crime, particularly, as in this case, the same crime for which he was on trial.

The state contends that sec. 325.19, Stats., permits such additional inquiry. The statute provides:

"A person who has been convicted of a criminal offense is, notwithstanding, a competent witness, but the conviction may be proved to affect his credibility, either by the record or by his own cross-examination, upon which he must answer any question relevant to that inquiry, and the party cross-examining him is not concluded by his answer."

If the statute must be construed so as to require the defendant to answer as to the nature of the offense with which he had been charged such authority extends only when the evidence of a previous conviction has been brought out upon the cross-examination of the defendant or by the record. Where the defendant himself testifies upon his direct examination to previous convictions the statute is not applicable.

The many cases decided by this court holding that the state may not go beyond the proof of the mere conviction, and the

fact that all of the cases decided by this court have been considered since enactment of the statute, compel us to conclude that we may not go further than to permit inquiry into relevant matters only when the fact of the former conviction has been brought out in the manner described in the statute.

The state relies upon *State v. Roberson*, 254 Wis. 595, 36 N. W. (2d) 677. It was there held that the trial court's admission into evidence, upon cross-examination of the defendant, of the nature of an offense of which he had been previously convicted was not an abuse of discretion. It must be observed, however, that defendant's counsel upon direct examination had opened the door to the state by asking him as to the nature of a previous encounter with the law.

Defendant complains of the court's ruling permitting Mrs. Perhusky, the sister-in-law, to testify against objection, that on the way home Mrs. Johnson said that "she had been all cleaned out and she was all right, and that he had given her a penicillin shot, and that it wasn't bad." Unless the conspiracy between Mrs. Johnson and the defendant continued up to the time she made the statement to Mrs. Perhusky, not in the presence of defendant, it was not admissible. *Miller v. State,* 139 Wis. 57, 119 N. W. 850. The state contends that the statement of defendant as he and Mrs. Johnson separated, that "if she didn't feel good she should either call him or come back" is an indication that the conspiracy had not terminated.

No hard and fast rule as to when a conspiracy terminates can be laid down. It depends upon the facts of the particular case. *State ex rel. Tingley v. Hanley,* 248 Wis. 578, 22 N. W. (2d) 510. For that reason none of the cases cited in either brief is very helpful.

When one consults a surgeon for an operation the treatment is not ordinarily ended with the operation itself. The services are not completed until all that might be done to effect a cure has been done. The defendant, if he made the statement inviting Mrs. Johnson back to his home if she

didn't feel good, recognized this. He assumed that his further attention might be necessary as it is in practically all surgical cases. Obviously both Mrs. Johnson and the defendant would, to prevent detection, assume that he would be called upon in case of necessary later treatment. That the necessity for later treatment might have been anticipated is indicated by the fact that she died as a result of the abortion—the operation entailed some danger.

We conclude that the conspiracy had not terminated when Mrs. Johnson told her sister-in-law that she had been "all cleaned out," and that there was no error in receiving the latter's testimony to that effect.

Defendant contends that the court erred in denying his motion for a directed verdict and in that respect urges that the state's failure to produce testimony to the effect that he used or that there were present any instruments for use in an abortion is a fatal omission to prove a necessary element of the offense. The answer to his contention is in the statute defining the offense. It does not require proof of the use of instruments. Sec. 351.22, Stats., makes it an offense to procure a miscarriage by any means whatever.

We conclude that there was prejudicial error in the court's permitting the district attorney to go beyond the mere proof of previous convictions and that a new trial must be granted.

*By the Court.*—Judgment reversed and cause remanded with directions for a new trial. The warden of the state prison will deliver defendant to the sheriff of Manitowoc county who is directed to keep the said defendant in his custody until he is duly discharged therefrom or until otherwise ordered according to law.