**Gordon E. MAGNUSON, Plaintiff-Appellant,**

v.

**FAIRMONT FOODS COMPANY, Inc., and American Mutual Liability Insurance Company, Defendants-Respondents.**

No. 16704.

United States Court of Appeals
Seventh Circuit.

July 11, 1968.

---

Edward P. Rudolph, Milwaukee, Wis., for plaintiff-appellant.

Edmund W. Powell, Wickham, Borgelt, Skogstad & Powell, Milwaukee, Wis., for defendants-respondents.

Before CASTLE, Chief Judge, and HASTINGS and KILEY, Circuit Judges.

KILEY, Circuit Judge.

This is a diversity personal injury action.[1] Plaintiff Magnuson has appealed from a directed verdict of not guilty in favor of defendant Fairmont Foods Company, Inc.[2] We reverse and remand for trial.

On July 31, 1965, about 2:30 a. m., Magnuson was riding his motorcycle north on Highway 41 in the outskirts of Green Bay, Wisconsin. He overtook Fairmont's northbound semi-trailer-tractor driven by its employee Holewinski. After following the Fairmont vehicle for a short time, Magnuson attempted to pass and in the process was struck by a southbound passenger vehicle and was severely injured.

The district court, at the close of plaintiff's evidence, ordered a directed verdict for Fairmont and entered judgment that Magnuson "take nothing," the action be dismissed "on the merits," and Fairmont recover costs. The question for us in this appeal is whether the evidence, taken most favorably for Magnuson, could reasonably support a verdict of guilty against Fairmont.

The evidence taken favorably to the plaintiff discloses: At the time of the occurrence the weather was fair, the two lane, 24' highway was dry and the night clear. The Fairmont vehicle, weighing 14,000 pounds, was loaded with 72,000 pounds of dairy food. Driver Holewinski was in the cab about 8' above the pavement. He was driving at 50 miles an hour, five miles per hour above the speed limit for his vehicle. Magnuson approached the trailer from the rear and decided to pass. He increased his speed to 55 or 60 miles per hour, "edged over" to the left, saw no oncoming traffic and, in the southbound lane, began to pass the trailer. Holewinski saw Magnuson begin to pass his trailer and also saw from his vantage point in the cab a southbound automobile approaching from about ¼ mile to the north, its lights on dim. He realized that the passing motorcyclist was going to have a "close call" but he either maintained or slightly increased his speed and continued to drive within a foot of the center line.

Magnuson meanwhile was in the southbound lane of the highway slowly gaining on the trailer. He did not see the oncoming lights until he was at about the mid-point of the trailer, and at that time the lights were about 700 or 800 feet from him. He decided not to apply his brakes because he was afraid of skidding under the wheels of the trailer. His motorcycle reached the left front corner

---

1. The evidence was limited to the question of liability.

2. American Mutual Liability Insurance Company, Fairmont's insurer, was also named as a defendant under Wisconsin procedure.

of the tractor-trailer where it was struck by the oncoming car.

Holewinski saw Magnuson and his motorcycle fly across the road in front of his vehicle and then for the first time began to apply his brakes. The driver of the southbound vehicle continued on after the accident, without stopping. He was later appehended and proved to have no driver's license or insurance. He stated that he never saw the motorcycle but had felt a bump at the time of the collision. The left front and side of his vehicle was damaged.

■ The district court's opinion, based on the applicable Wisconsin law, was that Holewinski's negligence was a question for the jury, but that Magnuson was negligent as a matter of law in making his judgment to pass when there was not sufficient distance ahead to permit a safe passing, and that this negligence was "overwhelming" and at least equal to or greater than the "slight" negligence of Holewinski, who recognized plaintiff's danger but took no action to prevent the accident.[3]

■ We think the district court erred in taking from the jury the question of comparing the negligence of Holewinski with the negligence of Magnuson. Under Wisconsin law the dissimilarity in the "kind and character" of the negligence of Holewinski and the negligence of Magnuson, and the evidence of the willful nature of Holewinski's actions, require that this case be submitted to a jury. Piesik v. Deuster, 243 Wis. 598, 11 N.W.2d 358, 360.

The jury could well have decided that Magnuson's judgment under the circumstances was not imprudent—or not so imprudent when measured against Holewinski's negligence as to equal or exceed that negligence. The jury could have inferred that Holewinski's conduct was inexcusable: he was driving in excess of the speed limit, saw Magnuson begin to pass in the southbound lane, saw the oncoming southbound vehicle ¼ mile away,

and he knew Magnuson was attempting to pass and that it was going to be a "close call." Despite these circumstances Holewinski did not make room for Magnuson in the northbound lane but stayed near the center line and did not lower his speed, thereby trapping Magnuson in the southbound lane and forcing him to confront the fast approaching southbound vehicle. The jury could with reason have decided that Magnuson's negligence, if any, was less than that of Holewinski.

The knowledge by Holewinski of Magnuson's danger and his apparent indifference to Magnuson's plight distinguishes Tesch v. Wisconsin Public Service Corp., 2 Wis.2d 131, 85 N.W.2d 762. There Lepak's situation with respect to Mertz is not comparable to that of Holewinski with respect to Magnuson. Nor was Holewinski unaware of Magnuson's situation until the last second so as to render Schmidt v. C. Schlei Dray Line, Inc., 7 Wis.2d 374, 97 N.W.2d 194, applicable.

The judgment is reversed and the cause remanded for continuation of the trial.

Reversed and remanded.

---

3. Under Wisconsin's comparative negligence rule the plaintiff may not recover damages if his negligence equals or exceeds that of defendant.