LIPHFORD, Plaintiff in error, v. STATE, Defendant in error.

*No..State 155. Argued June 4, 1969.—Decided June 27, 1969.*
(Also reported in 168 N. W. 2d 549.)

For the plaintiff in error there was a brief by *Franklyn M. Gimbel* and *Gimbel & Gimbel*, all of Milwaukee, and oral argument by *Franklyn M. Gimbel*.

For the defendant in error there was a brief by *Robert W. Warren*, attorney general, *E. Michael McCann*, district attorney of Milwaukee county, and *Terence T. Evans*, assistant district attorney, and oral argument by *G. George Lawrence*, assistant district attorney.

HANLEY, J. Two issues are presented by this appeal:

(1) Was it prejudicial error to permit the state to question the defendant concerning the number of his prior convictions after the defendant admitted having been convicted of a crime; and

(2) Was defendant's statement to the detective admissible?

*Number of Prior Convictions.*

In *State v. Midell* (1968), 39 Wis. 2d 733, 159 N. W. 2d 614, this court squarely held that under sec. 885.19, Stats.,[1] a defendant who takes the stand may be asked

---

[1] "Convict. A person who has been convicted of a criminal offense is, notwithstanding, a competent witness, but the conviction may be proved to affect his credibility, either by the record or by his own cross-examination, upon which he must answer any question relevant to that inquiry, and the party cross-examining him is not concluded by his answer."

if he has ever been convicted of a crime and the number of times he has been so convicted.

"... sec. 885.19, Stats., expressly provides that a defendant who takes the stand may be asked if he has ever been convicted of crime. *State v. Ketchum* [(1953), 263 Wis. 82, 87, 56 N. W. 2d 531] ruled that such defendant may be asked the number of times he has been so convicted. In *State v. Adams* [(1950), 257 Wis. 433, 43 N. W. 2d 446] the defendant had testified on direct examination to four previous convictions. On cross-examination, the district attorney referred to the nature of such previous offenses and this court held that it was error to permit such inquiry. The court did not conclude that the mere number of convictions may not be brought out. ..." *State v. Midell, supra,* at pages 738 and 739.

The defendant contends that the only purpose of asking "how many convictions" was to show that the defendant had a propensity for committing crimes. This is not the purpose of the question. Under sec. 885.19, Stats., a person who commits a crime is considered to be less credible than the ordinary witness. A person who has been convicted 11 times previously (as was the defendant here) is considerably less credible than a person who has only been convicted once.

There can be no doubt that the defendant's credibility was in issue in this case. He asserted an alibi that placed him away from the scene of the alleged robbery. Had the jury believed his testimony, there could have been no conviction.

We think the question concerning the number of prior convictions was permissible impeachment evidence. We deny defendant's request to overrule *State v. Midell, supra.*

### Reception of Statement into Evidence.

The defendant was arrested at 12:30 a. m., on December 20, 1967. At 4:30 a. m., two police officers questioned him regarding his involvement in the armed robbery. At 9:40 a. m., prior to his initial appearance before a magis-

trate, the defendant was questioned by Detective Almendi. At that time the defendant gave the detective an oral exculpatory statement which was inconsistent with the alibi proposed at the trial. This custodial exculpatory statement was subsequently used at the trial to impeach the defendant's alibi.

The defendant now contends that any statement taken from him prior to his initial appearance before a magistrate is inadmissible for any purpose whatsoever. The record contains a statement from the trial court that the magistrates in Milwaukee county do not begin processing cases before 9 a. m. Although the record is not clear, it appears that the defendant was taken before the magistrate shortly after 10 a. m., on December 20. That would be about nine and one-half hours after he was arrested and about one hour after the magistrate began handling cases.

The defendant does not contend here that the statement was involuntary; nor does he argue that the detective failed to advise him of his constitutional rights. He does contend, however, that the failure to take him before the magistrate "at the first strike of the gavel" rendered any subsequent statement inadmissible.

This court fully discussed the development of the *McNabb-Mallory* rule [2] and its applicability in Wisconsin in *Phillips v. State* (1966), 29 Wis. 2d 521, 139 N. W. 2d 41. Subsequent to the opinion in the *Phillips Case,* this court has summarized the effect of that decision.

"In *Phillips v. State* (1966), 29 Wis. 2d 521, 535, 139 N. W. 2d 41, this court adopted an exclusionary rule that rendered inadmissible any statement obtained from a de-

---

[2] *McNabb v. United States* (1943), 318 U. S. 332, 63 Sup. Ct. 608, 87 L. Ed. 819, provided for the exclusion of a confession, although voluntary, which is made during an illegal detention due to the failure promptly to bring the prisoner before a committing magistrate. In *Mallory v. United States* (1957), 354 U. S. 449, 77 Sup. Ct. 1356, 1 L. Ed. 2d 1479, *McNabb* was reaffirmed and applied as a federal criminal procedure rule.

fendant during a period of unreasonable detention. In Phillips it is further stated (p. 535) : 'While one may be detained by the police and interrogated to secure sufficient evidence to either charge him with a crime or to release him, the police cannot continue to detain an arrested person to "sew up" the case by obtaining or extracting a confession or culpable statements to support the arrest or the guilt.' " *Massen v. State* (1969), 41 Wis. 2d 245, 252, 163 N. W. 2d 616.

We hold that under no circumstances can a defendant contend that he was subject to an unreasonable detention when he was brought before the magistrate within the first hour that the court was open after he was arrested.

One other item should be commented upon. The state contends that the *McNabb-Mallory* rule should be confined solely to confessions and not to exculpatory statements. The contention must be rejected since it is clear the *McNabb-Mallory* "unreasonable detention" rule applies to any statement, whether that statement is an admission, a confession, or exculpatory in nature. This holding affirms the following statement in *Massen v. State, supra,* at page 252:

"In *Phillips v. State* (1966), 29 Wis. 2d 521, 535, 139 N. W. 2d 41, this court adopted an exclusionary rule that rendered inadmissible *any statement* obtained from a defendant during a period of unreasonable detention. . . ." (Emphasis supplied.)

Under certain circumstances, as in the case at bar, an exculpatory statement may adversely affect the defendant's case.

We conclude it was not error to permit the state to establish the number of prior convictions and that defendant's statement to the detective was admissible.

*By the Court.*—Judgment affirmed.