**William F. MACK, Plaintiff,**

v.

**EARLE M. JORGENSEN CO., a California corporation, Defendant.**

**No. 68-C-354.**

United States District Court,
E. D. Wisconsin.

Oct. 20, 1970.

Cannon, McLaughlin, Herbon & Staudenmaier, by Ellis R. Herbon, Milwaukee, Wis., for plaintiff.

Whyte, Hirschboeck, Minahan, Harding & Harland, by Reginald W. Nelson, Milwaukee, Wis., for defendant.

### DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiff has moved that the court order a new trial under Rules 59 and 60 (b), Federal Rules of Civil Procedure. Alternatively, the plaintiff asks that he be allowed to present additional testimony in this case. In my opinion, both of the said motions must be denied.

At the conclusion of the plaintiff's case, the defendant moved to dismiss the action. The latter motion was argued extensively in the absence of the jury, and the court concluded that the motion should be granted. An oral opinion was put into the record by the court, and thereupon, the jury was discharged.

The principal thrust of the plaintiff's present application for a new trial stems from the fact that in ruling upon the defendant's motion for dismissal, the court reversed a ruling which had been made at the outset of the trial. In reliance on Bunbury v. Krauss, 41 Wis.2d 522, 530, 164 N.W.2d 473 (1969), I stated that the issue whether the contract in question was completely integrated would be decided by the jury and that the plaintiff could offer his proof on that matter in the presence of the jury. On the motion to dismiss, I concluded that the issue of integration was for the court instead of the jury. The plaintiff contends that this change in the court's interpretation of the parol evidence rule constituted a surprise and denied him a fair trial.

Since the court's oral opinion on the motion for dismissal is on the record and amply reflects my analysis of the parol evidence issue that was before the court, no further comments thereon will be made in connection with the present motion of the plaintiff. The court must determine whether there is any merit to the plaintiff's claim that he was surprised by the court's granting of the defendant's motion to dismiss and thereby was denied a fair trial.

It is true that the court reversed itself as to whether the jury or the court should decide whether under the parol evidence rule a contract is an integration of the parties' understandings. The original (erroneous) ruling was urged upon the court in a pretrial brief and in oral argument at the beginning of the trial. I conclude that there was no inherent unfairness in the court's reversal of its previous interpretation of the applicable parol evidence rule.

It was not until the close of the plaintiff's proof that the defendant expanded upon its theory of the parol evidence rule and cited additional authorities in support of his position. Although this provoked a change in the court's ruling, it does not follow that the plaintiff was unjustly treated by the change or sandbagged by the defendant's citations of additional authority. The defendant from the outset had urged the court to apply the ruling that was ultimately adopted.

The plaintiff was given the opportunity to and did, in fact, submit his case comprehensively. The fact that at first plaintiff's counsel thought the jury was to be the one to decide integration would not justify any failure of the plaintiff to offer the proof necessary to support his cause of action. The original ruling of the court regarding parol evidence enabled the plaintiff to put before the jury evidence that he would not have been entitled to submit to them under the more restrictive interpretation of the parol evidence rule which was finally adopted by the court.

Before granting the defendant's motion to dismiss, the court carefully reflected over the rule frequently stated by appellate courts that issues of fact must be left for the jury's determination. This rule of law was rather forcefully drawn to my attention in Magnuson v. Fairmont Foods Co., Inc., 398 F.2d 325 (7th Cir. 1968).

In view of the foregoing, it is ordered that the plaintiff's motions for a new trial and, alternatively, to present additional evidence, be and hereby are denied.