**Gordon E. MAGNUSON, Plaintiff-Appellant,**

v.

**FAIRMONT FOODS COMPANY, Inc., a foreign corporation, and American Mutual Liability Insurance Company, a foreign corporation, Defendants-Appellees.**

**No. 18046.**

United States Court of Appeals, Seventh Circuit.

April 22, 1971.

Edward P. Rudolph, Milwaukee, Wis., for plaintiff-appellant.

Edmund W. Powell, Milwaukee, Wis., for defendants-appellees.

Before KILEY, FAIRCHILD, and CUMMINGS, Circuit Judges.

FAIRCHILD, Circuit Judge.

Action for personal injury sustained in a motor vehicle accident.[1] At the first trial the district court directed a verdict for defendants at the close of plaintiff's case. We reversed on the ground that the evidence, construed favorably to plaintiff, presented a question for the jury.[2] Upon retrial the jury returned a special verdict finding causal negligence on the part of plaintiff Magnuson, Holewinski, who was defendant Fairmont's driver, and Byng, the driver of another vehicle. Causal negligence was apportioned 30% to plaintiff Magnuson, 25% to Holewinski, and 45% to Byng. Judgment was entered dismissing the action against defendant Fairmont and its insurer.[3] Plaintiff appealed.

The facts appearing in plaintiff's case in the first trial were summarized in our prior opinion. A detailed recitation is unnecessary here. Plaintiff was driving his motorcycle north and overtook Fairmont's northbound truck. When plaintiff had almost completely passed the truck, he was struck by Byng's southbound car.

Plaintiff argues four questions.

1. *Prior criminal conviction of plaintiff.*

■■ Defense counsel asked plaintiff Magnuson if he had ever been convicted of a crime and upon receiving an affirmative answer, asked how many times. The reply was "Once." Counsel then inquired separately about five convictions, mentioning the date, the court, and the offense. Magnuson admitted each.

Under Rule 43, F.R.Civ.P., which favors admissibility, evidence is admissible in federal court if it is admissible under either federal rules of evidence or under those applied in the courts of the state where the federal court sits.

Section 885.19, Wis.Stats., provides in part that where a witness has been convicted of a "criminal offense," his "conviction may be proved to affect his credibility, whether by the record or by his own cross-examination, upon which he must answer any question relevant to that inquiry, and the party cross-examining him is not concluded by his answer."

It has been held proper to show not only that the witness was convicted of a crime, but also the number of such convictions.[4] If the witness admits a conviction, the nature of the offense may not be shown by the adversary.[5] But when the witness denies conviction, the cross-examiner may specify the particular offense in proving that he was, in fact, convicted.[6] All Magnuson's offenses were misdemeanors, but each is nevertheless deemed a "criminal offense" for this purpose.[7]

Rule 303 of the Model Code of Evidence recognizes discretion in the trial judge to exclude otherwise admissible evidence if he finds that its probative value is outweighed by certain risks. This rule was approved in a 1967 Wisconsin decision [8] and in a recent opinion the Supreme Court of Wisconsin sug-

---

1. Jurisdiction is founded on diversity. Wisconsin law governs substantive questions.

2. 398 F.2d 325 (1968).

3. Plaintiff did not join Byng as a defendant. Very likely there was no diversity between plaintiff and Byng. Defendants brought Byng in as a third party defendant for the purpose of contribution if defendants were found liable to plaintiff.

4. Liphford v. State (1969), 43 Wis.2d 367, 370, 168 N.W.2d 549; State v. Midell (1968), 39 Wis.2d 733, 159 N.W.2d 164;

Underwood v. Strasser (1970), 48 Wis.2d 568, 571, 180 N.W.2d 631.

5. Underwood, *supra*, note 4; State v. Adams (1950), 257 Wis. 433, 435, 43 N.W.2d 446.

6. Rausch v. Buisse (1966), 33 Wis.2d 154, 167, 146 N.W.2d 801.

7. Koch v. State (1906), 126 Wis. 470, 478, 106 N.W. 531; Gaertner v. State (1967), 35 Wis.2d 159, 174, 150 N.W.2d 370.

8. Whitty v. State (1967), 34 Wis.2d 278, 294, 149 N.W.2d 557.

gested that such rule may apply in the area now under consideration.[9] This point has not been argued in this instance, and we do not find abuse of discretion or reversible error under the circumstances.

### 2. *Certain instructions.*

■ The district court instructed the jury on the statutory duty of the operator of an overtaken vehicle to give way to the right in favor of the overtaking vehicle on audible signal and not to increase his speed until completely passed. The court continued:

> "There is no requirement to give way to the right 'until he hears the signal of the overtaking vehicle or is otherwise advised or informed of the approach of such vehicle and of the desire of the overtaking vehicle to pass.'
>
> "However, you are instructed that under the facts and circumstances involved, *Cyril Holewinski did not have a duty to guess what the overtaking driver, that is Mr. Magnuson, intended to do or was capable of doing.* The driver of the front car owes no duty to the driver of the car behind him except to use the road in the usual way in keeping with the laws of the road and until he has been made aware of the car behind by signal or otherwise, he has a right to assume either that there is no other automobile in close proximity to his rear or that being there, it is under such control as not to interfere with his lawful use of the road."

We have italicized the portion to which plaintiff objects.

The italicized portion was taken from the opinion in Schmidt v. C. Schlei Dray Line (1959), 7 Wis.2d 374, 383, 97 N.W. 2d 194. The statement in the opinion on the former appeal "Nor was Holewinski unaware of Magnuson's situation until the last second so as to render [*Schmidt*] applicable" does not conclude the issue. We there had before us only plaintiff's evidence, to be taken in its most favor-

able light. At the new trial an issue developed as to Holewinski's knowledge of Magnuson's predicament. He testified that the last time he saw the motorcycle before the crash, the motorcycle was back of Holewinski's trailer and in a position to pass. From then on Holewinski's attention was directed to watching the oncoming cars and his own lane. The nearest oncoming car was a short distance away and Holewinski figured the motorcycle was going to fall in behind the trailer. When all the pertinent instructions are read together the italicized portion was not prejudicial to plaintiff.

■ The district court also instructed:

> "The operation of a motor vehicle on the left side of the highway at the time of a collision is negligence unless there was an explanation satisfactory to you that the driver was free from negligence in being on the wrong side of the highway."

Plaintiff objects to the reference to "wrong side" in that and the following instruction in similar context. It is common parlance to refer to the left side of the road as the "wrong" side, and as the instructions said, the law makes the left side the wrong side unless a satisfactory explanation is produced. We do not consider the use of the term prejudicial.

### 3. *"Fatigue" verdict.*

■■ The trial took five days and the case was submitted to the jury at approximately 6:00 p. m. Friday. The jury was taken to dinner at 6:30 and returned at 8:30. A verdict was reached at 1:00 a. m. Plaintiff argues that the jurors were fatigued and should have been sent home at 10:00 or 10:30 p. m., to return the next day for further deliberation.

The record reveals no basis for concluding that the quality of deliberations was affected by the circumstances referred to. In passing upon the post-trial

9. Underwood v. Strasser, *supra*, note 4, 48 Wis.2d p. 572, 180 N.W.2d 631.

motions the district judge noted that there had been an indication that counsel preferred that the case be submitted late Friday, no request at any time that the jurors be sent home, and no indication from the jury that the jurors were tired, unable to agree, or desired to go home and return on Saturday. He concluded the point was "completely without merit."

Control of such matters is within the discretion of the trial judge and his regulation of them will not be disturbed absent proof that he has acted arbitrarily or that plaintiff was in fact prejudiced.[10]

### 4. *Application of Wisconsin comparative negligence statute.*

■ The verdict was that the negligence of three actors, plaintiff, Holewinski, and Byng, combined to cause the accident and plaintiff's injuries. The causal negligence attributed to plaintiff was greater by a ratio of 30:25 than that attributed to Holewinski. The ratio between the causal negligence of plaintiff and that of Byng was 30:45.

Under a well established interpretation of the Wisconsin comparative negligence statute, this verdict required a judgment in favor of Holewinski's employer and insurer since plaintiff's causal negligence was at least as great as that of Holewinski, but would have required a judgment in favor of plaintiff for the recovery of two-thirds of plaintiff's damages from Byng if Byng had been before the court as a defendant.[11]

It has been held that omission from the verdict of questions as to the negligence of a non-party was ordinarily not prejudicial to a defendant found to have been more negligent than plaintiff.[12] But such questions are necessary where a defendant seeks contribution from an alleged joint tort feasor.[13]

Plaintiff suggests that submission of questions as to a third party's negligence has a psychological effect upon the jury, diluting the responsibility the jury is likely to impose upon the defendant whom plaintiff has sued. He proposes, in effect, that a defendant should not be allowed to bring in another party for the purpose of determining contribution at the same trial where the issues between plaintiff and defendant are tried. As an alternative plaintiff suggests that if a defendant chooses to bring in a party for that purpose, such defendant must, as between himself and plaintiff, accept responsibility for any negligence found on the part of the party he brings in, as well as his own.

To the extent that plaintiff may be proposing a change in Wisconsin's law of comparative negligence, it is beyond our competence.

If he is suggesting a rule in federal courts that a defendant will not be permitted to bring in a third party in order to recover contribution, or that the trial of the claim for contribution from a third party must be separate from the trial of plaintiff's claim, his proposal runs afoul of sound principles of judicial economy and of the purposes served by Rule 14, F.R.C.P., even though that rule permits the exercise of discretion in an appropriate case.

The judgment is affirmed.

10. See Cleary v. Indiana Beach, Inc. (7th Cir., 1960), 275 F.2d 543, 545–546.

11. Walker v. Kroger Grocery & Baking Co. (1934), 214 Wis. 519, 536, 252 N.W. 721; Quady v. Sickl (1952). 260 Wis. 348, 354a, 52 N.W.2d 134; Schwenn v. Loraine Hotel Co. (1961), 14 Wis.2d 601, 609, 111 N.W.2d 495.

12. Hardware Mutual Casualty Co. v. Harry Crow & Son, Inc. (1959), 6 Wis.2d 396, 408, 94 N.W.2d 577.

13. See Pierringer v. Hoger (1963), 21 Wis.2d 182, 192, 124 N.W.2d 106.