STATE, Respondent, v. HUNGERFORD, Appellant.

*No. State 186. Argued March 30, 1972.—Decided May 2, 1972.*
(Also reported in 196 N. W. 2d 647.)

---

746

For the appellant there was a brief by *Brady, Pachefsky & Sullivan* and *Robert J. Brady,* all of Milwaukee, and oral argument by *Robert J. Brady.*

For the respondent the cause was argued by *Thomas J. Balistreri,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

CONNOR T. HANSEN, J.  The defendant was employed at a gasoline service station.  The alleged misconduct took place at the defendant's place of employment and involved an eight-year-old boy and his ten-year-old sister, who were frequent visitors at the service station.

It is not necessary to further detail the facts of the case because the issues here presented concern trial procedures relating to the defendant's prior criminal convictions.

During the course of the trial, both counsel for the state and the defendant had access to a two-and-one-half page report of the Federal Bureau of Investigation, United States Department of Justice, which reflected defendant's police and court contacts as reported to the FBI.

On cross-examination by the state, the defendant testified that he could have been convicted of a crime three or four times, but that he did not know if it could have been more than four times, "[b]ecause I don't keep track of it." The district attorney then asked the defendant six relatively short and general questions concerning conversations the defendant had with the two children about sex. The district attorney then continued by commencing to propound a question, as follows: "Isn't it a fact that in 1949—" At this time, defense counsel interposed an objection and the trial court adjourned to chambers.

After the in-chambers examination of the FBI report, the court concluded it was unclear as to the number of defendant's prior convictions. The court recessed for noon, and both counsel were asked to review defendant's prior criminal record. A parole officer was also asked to investigate the defendant's prior criminal record. After recess, the in-chambers session continued. The parole officer reported the results of his investigation. Defense counsel indicated he would object to testimony by the parole officer of his investigation on the grounds that any such testimony would be hearsay. Ultimately, the trial was adjourned so that official records might be produced.

The foregoing proceedings occurred on June 7, 1971, and because of calendar complications of the trial court and respective counsel, it was necessary to adjourn the

trial. The in-chambers conference continued on the morning of June 10, 1971, at which time it was disclosed that the official records reflected the defendant had been convicted 11 times. The trial court ruled that the defendant could be asked about each of the convictions in open court unless he would stipulate that he had been convicted of a crime eleven times. The defendant refused to so stipulate.

The trial then resumed and cross-examination of the defendant continued in open court. Defendant was asked about the names and dates of other prior convictions, some of which were sex crimes. On redirect, defense counsel attempted to show that the defendant misunderstood the initial inquiry by the district attorney into his prior criminal record and also that the defendant was under the impression he had only been convicted three times. On three separate occasions, the trial court stated it would not allow such an impression to be created. Because the defendant equivocated as to his recollection of past convictions, the trial court also questioned him in regard to this matter. Following a further refusal by the defendant to stipulate as to his record of convictions, the parole officer testified to the official court records of defendant's past convictions, relating the name, the date and the disposition of each conviction.

Defendant first argues that the trial court erred in allowing inquiry into his prior criminal convictions.

It is the rule in Wisconsin that where a defendant has answered truthfully and accurately in response to questions concerning prior criminal convictions, further inquiry into the nature of the convictions is not permitted. *State v. Cathey* (1966), 32 Wis. 2d 79, 145 N. W. 2d 100; *State v. Adams* (1950), 257 Wis. 433, 43 N. W. 2d 446. Where, however, the defendant denies having been previously convicted, *Harris v. State* (1971), 52 Wis. 2d 703, 705, 191 N. W. 2d 198; *Nicholas v. State* (1971), 49 Wis.

2d 683, 183 N. W. 2d 11, or fails to accurately state the number of convictions, *Liphford v. State* (1969), 43 Wis. 2d 367, 168 N. W. 2d 549; *Strait v. State* (1969), 41 Wis. 2d 552, 164 N. W. 2d 505; *State v. Midell* (1968), 39 Wis. 2d 733, 159 N. W. 2d 614, such inquiry is proper for the purpose of impeaching the defendant's credibility. *See also:* sec. 885.19, Stats. In such a case the inquiry is not limited to the fact of conviction, but the conviction (s) may be expressly mentioned by name. *Nicholas v. State, supra; Rausch v. Buisse* (1966), 33 Wis. 2d 154, 146 N. W. 2d 801.

The record reflects that the defendant incorrectly stated, and failed to recall, the number of prior convictions in response to cross-examination by the district attorney. This opened the door to evidence of other convictions. *See: Strait v. State, supra; Nicholas v. State, supra.* Defendant was afforded an opportunity to correct any misunderstanding with regard to the number of convictions, or to any reliance misplaced on the FBI report during the in-chambers conference, by examining and acknowledging the official records of his past convictions. However, defendant did not choose to do so. Under the circumstances the defendant cannot now be heard to complain about a situation he himself brought about.

Defendant also argues that impeachment by evidence of prior crimes should have been limited to those crimes relating to honesty and veracity. This court has twice rejected this view on the ground that because the rule is set forth by statute, any change therein must be submitted to this court as a proposed rule change or submitted to the legislature. *Rausch v. Buisse, supra; Nicholas v. State, supra.* Defendant has presented no compelling reasons for this court to now change this ruling. Defendant also claims that the trial court abused its discretion in allowing evidence of prior sex crimes in

this particular case because of the inherent prejudicial effect of such evidence. In *Nicholas v. State, supra,* page 691, this court held:

". . . In some cases, such as *Adams, supra,* where one or more of the past offenses is the same crime as that for which the defendant is presently on trial, then it may be highly prejudicial to have the jury hear them mentioned by name. Nevertheless, the jury is entitled to know of such conviction in order to appraise the defendant's credibility.

"The defendant controls the choice of whether or not past offenses will be mentioned by name. He can avoid such mention by truthfully acknowledging the fact and number of such convictions on direct examination. If he chooses not to do this, then he must face the risks involved in allowing such information to be brought out on cross-examination."

In the instant case, the defendant clearly chose a strategy which resulted in the introduction of evidence now objected to on appeal. He declined the express invitation of the trial court to stipulate to the number of prior convictions contained in his official record with knowledge that if he chose not to do so, evidence of those convictions would be introduced. Thereafter, in open court, defendant expressly denied two of the convictions and could not remember with respect to another. In response to questioning by the court, he testified he wasn't denying his past record but he could not remember the exact number of convictions. He also declined to stipulate to the testimony of his parole officer in regard to certified copies of his prior criminal record. At the specific request of defense counsel, the parole officer disclosed, in addition to the names of the offenses and the courts of conviction, the sentence imposed in each case.

During the trial the defendant moved for a mistrial and after verdict a motion was made for a new trial. These motions were premised on the assertion that the

trial court erred in receiving testimony concerning defendant's prior convictions, especially those which involved sex crimes. The trial court properly denied these motions because the defendant declined to disclose the number of times he had been convicted, and on two occasions, first in chambers and again in open court, refused to stipulate as to the number of convictions. The trial court ruled and so instructed the jury that the evidence of prior convictions was to be considered only in determining the defendant's credibility. Also the jury was specifically instructed to disregard any impression the trial court might have conveyed as to the guilt or innocence of the defendant.

On appeal, this court is asked to exercise its discretion under sec. 251.09, Stats., and grant a new trial in the interest of justice. After a complete examination of the record, we find no apparent probability that justice has been miscarried or that the defendant should not have been found guilty. *See State v. Schenk* (1972), 53 Wis. 2d 327, 338, 339, 193 N. W. 2d 26.

*By the Court.*—Judgment affirmed.