**William F. MACK, Plaintiff-Appellant,**

v.

**EARLE M. JORGENSEN CO., a California corporation, Defendant-Appellee.**

**No. 71-1234.**

United States Court of Appeals,
Seventh Circuit.

Sept. 11, 1972.

**1178**

Ellis R. Herbon, Milwaukee, Wis., for plaintiff-appellant.

Reginald W. Nelson, Milwaukee, Wis., for defendant-appellee.

Before SWYGERT, Chief Judge; DUFFY, Senior Circuit Judge; and GRANT,* District Judge.

GRANT, District Judge.

The plaintiff, William F. Mack, filed this diversity action seeking damages for breach of a claimed oral employment agreement whereby the plaintiff had been employed as a commissioned manufacturer's representative for the sale of the defendant's forgings in Wisconsin and Minnesota. The plaintiff appeals from a directed verdict entered for the defendant by the district court at the close of the plaintiff's case in chief. Although tried to a jury, the district court determined, after the plaintiff rested and the defendant had moved for a directed verdict, that a subsequent written agreement between the parties was an integrated contract and that evidence of the alleged prior oral agreement was therefore barred by the parol evidence rule. Accordingly, the district court dismissed the cause of action based on the alleged breach of the claimed oral agreement. The plaintiff's fraud, promissory estoppel and unjust enrichment claims were also dismissed by the district court for lack of proof. We affirm.

The facts essential to our decision are as follows: In 1964, Mack was a manufacturer's representative for Isaacson Iron Works selling forgings in Wisconsin and Minnesota. On October 1, 1965, the defendant, Earle M. Jorgensen Co., acquired the assets of Isaacson Iron Works and retained Mack as a manufacturer's representative. During the next seven or eight months, Mack was given oral assurances from several of the defendant's officers to the effect that his employment would not be cancelled as long as he did a good job. In February of 1966, Mack received from Jorgensen a proposed employment contract which had been signed on behalf of Jorgensen by its vice-president and secretary. The pertinent paragraph of the contract provided as follows:

"7. THIS AGREEMENT shall remain in full force and effect, unless terminated by either party without cause, upon giving thirty days written notification prior to termination. Any change or modification to any specific contract clause shall be in effect only upon written agreement by both parties. In the event of termination, any pending business not completed shall become the property of THE COMPANY.

"THIS AGREEMENT supersedes all previous agreements and understandings between the parties."

Mack did not immediately sign the contract because he was concerned with the thirty-day termination clause and whether he would get credit for sales that

* Chief District Judge Robert A. Grant of the Northern District of Indiana is sitting by designation.

were booked in the event he was terminated.

In May of 1966, Mack met with Mr. Lee Dellinger, Jorgensen's vice-president, to discuss the written contract. Mack claims that Dellinger told him that he wouldn't be terminated as long as he did a good job. Mack informed Dellinger that he would like to scratch out the last sentence of Paragraph 7 relating to credits for orders booked before termination. Dellinger agreed and Mack then crossed out the objectionable sentence which had read:

"In the event of termination, any pending business not completed shall become the property of THE COMPANY."

Apparently satisfied, Mack signed the contract. However, he did not scratch out the thirty-day termination clause nor did he make any attempt to modify the contract in order to reflect his claimed agreement that he wouldn't be cancelled as long as he did a good job. Six months later, on November 21, 1966, the defendant invoked the thirty-day termination clause and cancelled plaintiff's representation of Jorgensen effective December 31, 1966. In November of 1968, Mack filed the instant action.

■ The plaintiff contends that there was sufficient evidence to create a jury issue on the fraud and promissory estoppel counts and the integration issue. We cannot agree. Concerning the fraud claim, we are in complete agreement with the district court's conclusion that the plaintiff failed to produce clear and convincing evidence of fraud and "that under no reasonable interpretation of the evidence could a finding by the jury of fraud be permitted to stand." By way of illustration, in April of 1966 a letter was mailed by the defendant's vice-president to the appellant and the other manufacturer's representatives informing them that Hank Isaacson, Jr.

had resigned. The letter then stated as follows:

"This letter is to assure you no change in our association is contemplated and to advise you that I'll be acting as Manager for the foreseeable future. Lee Jensen is being promoted from his present job as Manager Inside Sales to Assistant Manager. Since he is presently on vacation, we have not selected an individual to move up to his job. As soon as this is accomplished, you will be advised."

Like the trial court, we have difficulty in accepting the appellant's contention that such language constituted an assurance of continued employment.[1] This statement and others allegedly relied upon by the appellant definitely do not constitute misrepresentations of material fact, the latter being essential to proving fraud. See International Nikoh Corporation v. H. K. Porter Company, 358 F.2d 284, 289 (7th Cir. 1966). Moreover, it is well recognized that fraud "must be affirmatively established by clear and convincing proof of each and every essential element." Borowicz v. Chicago Mastic Company, 367 F.2d 751, 760 (7th Cir. 1966).

■ We are also persuaded that the evidence presented precludes the application of the doctrine of promissory estoppel. We are not aware of any decision applying the doctrine of promissory estoppel where, as in the instant case, the alleged oral agreement or promise was followed by a written contract, the terms of which are in direct conflict with the alleged oral agreement or promise. In such a situation, we seriously doubt whether the promisee could successfully argue that his reliance on the promise was justifiable, justifiable reliance being "a necessary element of promissory estoppel." Boomer v. New York Central Railroad Company, 409 F.2d 382, 385 (7th Cir. 1969). As stated by Justice

1. Appellant's counsel conceded at oral arguments that a second letter cited in his brief as another written assurance from Jorgensen that no changes were contemplated was in fact sent, not by Jorgensen, but by Isaacson Iron Works two months prior to its acquisition by Jorgensen.

Fairchild in his concurring opinion in Beers v. Atlas Assur. Co., 215 Wis. 165, 253 N.W. 584, 595 (1934):

"[A] distinction should be noted here between the present case and one where the provision in the written contract is so directly in conflict with the oral promise as to put plaintiff on his guard. I agree with the majority that generally in such a case relief should be denied. I believe, however, that such denial should be based on the fact that the party did not rely upon the oral statement, or, if he did, that he was entirely unwarranted in doing so, and not on an invocation of the parol evidence rule."

■ Thirdly, we do not question the district court's determination that the written employment agreement signed by the parties was integrated and that evidence of the alleged prior oral agreement or promise was, therefore, barred by the parol evidence rule. Despite the confusion caused the trial judge by certain language in Bunbury v. Krauss, 41 Wis.2d 522, 164 N.W.2d 473, 476 (1969), he correctly reversed his initial holding after having determined that the question of whether the written agreement was an integrated contract was for the court and not the jury. The district court judge then held that the written agreement was a fully integrated contract and that the parol evidence rule barred Mack's parol evidence which conflicted with the clear language of the cancellation clause. The appellee's brief is replete with authorities, many of which were cited by the trial court, holding that it is the duty of the trial court to determine whether a written agreement signed by the parties is a complete integration of the terms to which the parties agreed. 9 Wigmore on Evidence § 2430, p. 98 (3d ed. 1940); Scarne's Challenge v. M. D. Orum Co., 267 Wis. 134, 64 N.W.2d 836, 841 (1954); Milwaukee Cold Storage v. York Corporation, 3 Wis.2d 13, 87 N.W.2d 505 (1958). We need only cite the Milwaukee Cold Storage case in which the Wisconsin Supreme Court stated:

"It was the court's duty to determine whether the writing was a complete and correct integration of the terms on which the parties agreed." Id., at 511.

Nor does this court find any error in the trial court's ultimate finding that the written employment contract signed by the parties constituted a complete integration of the terms agreed to by the parties. The agreement is explicit and unambiguous. As the district judge noted:

" . . . it would be a clear abuse of the parol evidence rule to allow a trier of fact here to speculate on what the true interests and ideas of the parties were. That matter was resolved when this very explicit, formal, integrated document was executed."

The appellant can hardly claim that he did not assent to the thirty-day cancellation clause. He manifested his assent to the contract by affixing his signature and, accordingly, should be bound by its terms. See Restatement, Contracts § 20 (1932) and Comment a thereto.

■ The appellant has also raised the argument that Jorgensen was unjustly enriched by the amount of commissions it would have had to pay the appellant if his employment contract were not cancelled. We find this argument entirely without merit and unworthy of any further discussion.

■ Finally, the appellant contends that the timing of the trial judge's reversal on the integration issue has deprived him of a fair trial and that the trial judge should have granted his motion for a new trial. In particular, the appellant's counsel argues that he relied on the trial court's ruling that there would be a jury issue on the integration question and thus withheld evidence intending to use it during the defendant's case and in rebuttal. Finding little merit in this argument and without belaboring the point, we simply adopt the fol-

lowing statement of the trial court as being dispositive of the argument:

"The plaintiff was given the opportunity to and did, in fact, submit his case comprehensively. The fact that at first plaintiff's counsel thought the jury was to be the one to decide integration would not justify any failure of the plaintiff to offer the proof necessary to support his cause of action."

Mack v. Jorgensen Co., 50 F.R.D. 469, 470 (E.D.Wis.1970).

The decision of the district court is affirmed.