LA VIGNE, Plaintiff in error, v. STATE, Defendant
in error.

*September 9—October 4, 1966.*

For the plaintiff in error there were briefs and oral argument by *Francis J. Demet* of Milwaukee.

For the defendant in error the cause was argued by *Robert E. Sutton,* assistant district attorney of Milwaukee county, with whom on the brief were *Bronson C. La Follette,* attorney general, and *Hugh R. O'Connell,* district attorney.

BEILFUSS, J. The defendant contends that evidence is wholly insufficient to convict her because there is no proof that she either made the checks out or that she uttered them, and there is a fatal variance between the proof and the crime alleged.

Sec. 943.38, Stats., provides as follows:

"**Forgery.** (1) Whoever with intent to defraud falsely makes or alters a writing or object of any of the following kinds so that it purports to have been made by another, or at another time, or with different provisions, or by authority of one who did not give such authority, may be fined not more than $5,000 or imprisoned not more than 10 years or both:

"(a) A writing or object whereby legal rights or obligations are created, terminated or transferred, or any writing commonly relied upon in business or commercial transactions as evidence of debt or property rights; or

". . .

"(2) Whoever utters as genuine or possesses with intent to utter as false or as genuine any forged writing or object mentioned in sub. (1), knowing it to have been thus falsely made or altered, may be fined or imprisoned or both as provided in said subsection."

Sec. 939.05, Stats., provides:

"**Parties to crime.** (1) Whoever is concerned in the commission of a crime is a principal and may be charged with and convicted of the commission of the crime although he did not directly commit it and although the person who directly committed it has not been convicted or has been convicted of some other degree of the crime or of some other crime based on the same act.

"(2) A person is concerned in the commission of the crime if he:

"(a) Directly commits the crime; or

"(b) Intentionally aids and abets the commission of it; or

"(c) Is a party to a conspiracy with another to commit it or advises, hires, counsels or otherwise procures another to commit it. Such a party is also concerned in the commission of any other crime which is committed in pursuance of the intended crime and which under the

circumstances is a natural and probable consequence of the intended crime. This paragraph does not apply to a person who voluntarily changes his mind and no longer desires that the crime be committed and notifies the other parties concerned of his withdrawal within a reasonable time before the commission of the crime so as to allow the others also to withdraw."

Clearly there is ample credible testimony in the record to sustain a conviction beyond reasonable doubt that the defendant was either an aider and abettor or a conspirator.

In arguing that the information must allege the acts of aiding and abetting or conspiracy, the defendant overlooks the clear language of sec. 939.05, Stats., where it states:

"Whoever is concerned in the commission of a crime is a principal and may be *charged with and convicted* of the commission of the crime although he did not directly commit it . . . ." (Emphasis added.)

In two recent cases this court has reaffirmed its longstanding rule [1] that one who aids and abets the commission of a crime or is a party to a conspiracy with another to commit a crime can be charged and convicted as a principal.

In *State v. Nutley* (1964), 24 Wis. (2d) 527, 129 N. W. (2d) 155, certiorari denied, 380 U. S. 918, 85 Sup. Ct. 912, 13 L. Ed. (2d) 803, this court said, at page 554:

"Under the terms of sec. 939.05 (2) (b) and (c), Stats., a person may be vicariously liable for a substantive crime directly executed by another."

In *Carter v. State* (1965), 27 Wis. (2d) 451, 134 N. W. (2d) 444, 136 N. W. (2d) 561, we said at page 454:

"One who would have been an accessory or an accomplice or a *particeps criminis* before or after the fact at

[1] *State v. Maas* (1944), 246 Wis. 159, 16 N. W. (2d) 406; *Krueger v. State* (1920), 171 Wis. 566, 177 N. W. 917; *Vogel v. State* (1909), 138 Wis. 315, 119 N. W. 190.

common law may now be directly charged with the commission of an offense as principal if he meets the 'concerned in the commission of the crime' test of sec. 939.05 which provides in sub. (2) (b) one is concerned in the commission of a crime when he 'intentionally aids and abets the commission of it.' "

Although we have no hesitancy in affirming the conviction of the defendant as a principal, we commend the practice of referring to sec. 939.05, Stats., by its number in the information in those instances where the district attorney knows in advance of trial that his proof is such that a conviction can only be based upon participation as described in sec. 939.05.

*By the Court.*—Judgment affirmed.