BETHARDS, Plaintiff in error, v. STATE, Defendant in error.

*Nos. State 89, 90. Argued January 9, 1970.—Decided February 3, 1970.*
(Also reported in 173 N. W. 2d 634.)

608.

610

For the plaintiff in error there was a brief and oral argument by *Philip S. Grelecki* of Milwaukee.

For the defendant in error the cause was argued by *Michael Ash,* assistant district attorney of Milwaukee county, with whom on the brief were *Robert W. Warren,* attorney general, and *E. Michael McCann,* district attorney.

WILKIE, J. Two principal issues are raised on this review. They are:

1. Was there sufficient credible evidence to convict defendant of attempted burglary?

2. Was it error to instruct on parties to a crime when that statutory provision was not specifically mentioned in the information filed against the defendant?

This court has often stated that before it will reverse a conviction because of insufficiency of the evidence,

". . . the evidence when considered most favorably to the state and the conviction must be so insufficient in probative value and force that it can be said as a matter of law that no trier of the facts acting reasonably could be convinced to that degree of certitude which the law defines as 'beyond a reasonable doubt.' " [1]

Much of the state's case against the defendant is based on circumstantial evidence. However, it is well established that a finding of guilt may rest upon evidence which is entirely circumstantial.[2] Indeed, although each element of a crime must be proven beyond a reasonable doubt, each element *may* be proven beyond a reasonable doubt by circumstantial evidence alone.[3]

After our review of the record in this case, we are entirely satisfied that while the circumstantial evidence presented is not overwhelming, it clearly is sufficient to satisfy the test set forth in *Lock v. State.*[4]

The trial court correctly stated the three elements of attempted burglary which had to be proved by the state (each beyond a reasonable doubt) to be:

1. That the defendant attempted to enter the premises in question.

2. That the attempt was without the consent of the owner.

---

[1] *Lock v. State* (1966), 31 Wis. 2d 110, 115, 142 N. W. 2d 183.

[2] *State v. Wilson* (1968), 41 Wis. 2d 29, 162 N. W. 2d 605; *see also State v. Dombrowski* (1969), 44 Wis. 2d 486, 171 N. W. 2d 349.

[3] *See State v. Kitowski* (1969), 44 Wis. 2d 259, 170 N. W. 2d 703.

[4] *Supra,* footnote 1.

3. That the attempt to enter was with the intent to take property of the lawful owner and to retain it.[5]

*Attempt to Enter.*

The jury could well conclude from the evidence presented that the defendant was the lookout while Watkins actually attempted to enter the tavern. In so concluding, no doubt the jury disbelieved, as it was privileged to do, much of the defendant's own story. Thus, defendant was convicted of a charge of being a party to the crime of attempted burglary. Before considering the permissibility of this type of charge against the defendant as a party to a crime, it is first necessary to analyze the evidence to be certain there was sufficient proof to establish the crime of attempted burglary and specifically to consider the defendant's assertion that the crime of attempted burglary cannot be established without some proof, either direct or circumstantial, of an overt act on his part.

At common law, in order for conduct to amount to a criminal attempt there had to be something more than a mere intention to commit the crime that a particular defendant was charged with attempting; there had to be some overt act.[6] But what conduct constitutes a sufficient overt act?

This court, prior to the enactment of the Criminal Code, decided the case of *Rudolph v. State.*[7] In that case this court affirmed a conviction of "advise . . . or attempt to commit any felony." On appeal, defendant urged that the evidence did not show that he had committed an

---

[5] No issue is made of the further element under sec. 939.32 (2), Stats., requiring that the actor "would commit the crime except for the intervention of another person or some other extraneous factor." Presumably the appearance of the policemen was such an intervening factor.

[6] *See* Note, 1960 Wis. L. Rev. 516.

[7] (1906), 128 Wis. 222, 107 N. W. 466.

overt act. This court held that his acts amounted to " 'more than mere preparation, but falling short of actual consummation.' " [8] Yet they were overt acts.

In the cases decided subsequent to the enactment of the Criminal Code, this court has not been called upon to determine if the defendant's acts were sufficient under the attempt statute, sec. 939.32, Stats. For example, in *State v. Bronston*,[9] the defendant's acts were sufficient enough to warrant a conviction of attempted aggravated battery, rather than aggravated battery, but their sufficiency in that regard was not discussed. Similarly, the sufficiency of defendant's acts was not questioned in *State v. Dunn*.[10]

In *State v. Damms*,[11] the sufficiency of the defendant's acts was not expressly discussed; however, the court did indicate that it thought defendant's acts in that case were sufficient:

"Sound public policy would seem to support the majority view that impossibility not apparent to the actor should not absolve him from the offense of attempt to commit the crime he intended. *An unequivocal act accompanied by intent should be sufficient to constitute a criminal attempt.*" [12] (Emphasis added.)

Thus the question in the instant case becomes whether the evidence presented shows an unequivocal act accompanied by intent on the part of the defendant to burglarize the bar.

Here the jury was entitled to believe that the defendant, by acting as a lookout, unequivocally acted with intent to burglarize the Port Bar. The jury could reasonably infer that the specific reason defendant was there

[8] *Id.* at page 229.

[9] (1959), 7 Wis. 2d 627, 97 N. W. 2d 504, 98 N. W. 2d 468.

[10] (1960), 10 Wis. 2d 447, 103 N. W. 2d 36.

[11] (1960), 9 Wis. 2d 183, 100 N. W. 2d 592.

[12] *Id.* at pages 190, 191. *See also Le Barron v. State* (1966), 32 Wis. 2d 294, 300, 145 N. W. 2d 79; *Huebner v. State* (1967), 33 Wis. 2d 505, 520, 147 N. W. 2d 646.

was to act as a lookout. The very nature of a lookout's job does not lend itself to great physical activity or movement. In this case, looking out for police while Watkins did the actual prying and breaking is a sufficient act to satisfy the attempt statute.

It would undoubtedly have been more difficult for the jury to infer that the defendant was the lookout if the prior connection between Watkins and defendant had not been shown. The jury was justified in disbelieving defendant's story.

### Sufficient Evidence to Prove Intent.

While there was sufficient proof of the "attempt" and defendant concedes that there was no owner permission to enter the Port Bar, was there sufficient proof of the defendant's specific intent to steal? Defendant claims there is nothing in the record to show that he had the necessary intent to steal. In fact, the defendant submits that the facts in this case are so similar to the facts in *State v. Kennedy*,[13] that a reversal is required.

But, in *State v. Holmstrom*,[14] this court said:

"We hold that the only part of the *Kennedy Case* which is not overruled is the statement that intent to steal will not be inferred from breaking and entering alone. On its facts, the *Kennedy Case* is overruled."[15]

Thus, while an intent to steal may not be inferred from the attempted breaking and entering alone, there is sufficient additional evidence here, albeit circumstantial, which would permit this inference to arise.

We conclude that the evidence of the intent coupled with the evidence of the act as lookout is sufficient to support a conviction for attempted burglary.

[13] (1962), 15 Wis. 2d 600, 113 N. W. 2d 372.
[14] (1969), 43 Wis. 465, 168 N. W. 2d 574.
[15] *Id.* at page 476.

We now reach the second issue raised by defendant, namely: Was it error for the trial court to instruct on parties to a crime under sec. 939.05, Stats.?

We are confronted with the claim by the state that any alleged error on this account will not be considered by this court as a matter of right to the defendant because (a) there was no specific objection made during the trial to this instruction; (b) the defendant withdrew his objection; and (c) defendant did not raise this error by motion for a new trial.

(a) *No specific objection.* After the district attorney had requested the instruction on a party to a crime, the defendant's counsel specifically said he objected to the instruction on a party to a crime. When asked by the court for his reason, counsel replied: "For the reason that I don't think the evidence shows anything where the defendant would have been a party to the crime. Either he was a party or he wasn't." This is not an adequate objection.

In *State v. Halverson,*[16] this court said:

"The objection . . . was completely inadequate . . . it was impossible to determine in what respect any instruction was being challenged. The objection should be specific—it should not only identify the particular instruction or instructions objected to, but should also state what counsel contends is the proper instruction."[17]

(b) *Withdrawal of objection.* Moreover, after the jury had been instructed and retired to deliberate, the court asked both defendant and his counsel if they had any objection to the jury charge as read. Both indicated they had none.

This, too, can be construed as a waiver of any objection to the jury instruction and precludes the defendant from raising the issue, as a matter of right, before this court.

[16] (1966), 32 Wis. 2d 503, 145 N. W. 2d 739.
[17] *Id.* at page 511.

(c) *Did not raise this error in motion for new trial.*
Defendant did not raise this alleged error of instruction
on his motion for a new trial. However, at the hearing on
this motion the defense counsel did orally state that the
instruction was improper and prejudicial to the de-
fendant.

The trial judge was not permitted to correct any alleged
error. The defendant will not be permitted to assert the
error here as a matter of right.[18]

In the end this court can in its discretion review the
alleged errors in these instructions and this we choose
to do.

Defendant's first major attack on this instruction is
that defendant was convicted as a party to a crime even
though no mention was made in the information of sec.
939.05, Stats.[19]

In *La Vigne v. State,*[20] this court said:

". . . we commend the practice of referring to sec.
939.05, Stats., by its number in the information in those

---

[18] *See State v. Rodell* (1962), 17 Wis. 2d 451, 117 N. W. 2d 278.

[19] "939.05 **Parties to crime.** (1) Whoever is concerned in the
commission of a crime is a principal and may be charged with and
convicted of the commission of the crime although he did not direct-
ly commit it and although the person who directly committed it has
not been convicted or has been convicted of some other degree of
the crime or of some other crime based on the same act.

"(2) A person is concerned in the commission of the crime if he:

"(a) Directly commits the crime; or

"(b) Intentionally aids and abets the commission of it; or

"(c) Is a party to a conspiracy with another to commit it or
advises, hires, counsels or otherwise procures another to commit it.
Such a party is also concerned in the commission of any other
crime which is committed in pursuance of the intended crime and
which under the circumstances is a natural and probable conse-
quence of the intended crime. This paragraph does not apply to a
person who voluntarily changes his mind and no longer desires
that the crime be committed and notifies the other parties con-
cerned of his withdrawal within a reasonable time before the
commission of the crime so as to allow the others also to withdraw."

[20] (1966), 32 Wis. 2d 190, 145 N. W. 2d 175.

instances where the district attorney knows in advance of trial that his proof is such that a conviction can only be based upon participation as described in sec. 939.05." [21]

We are satisfied that what we commended in *La Vigne* as good practice should not now be made mandatory.

The state has well observed that the recommendation of *La Vigne* should not be made a mandatory requirement because (1) it is often difficult to tell in advance of filing the information whether to charge the defendant as the principal or under this section as a party to the crime; (2) the statute itself does not require that a defendant in a position such as the instant defendant, be specifically charged with violation of this section; and finally, (3) that even if it was error for the information not to contain reference to sec. 939.05, Stats., it was harmless error for the defendant could not have been prejudiced by a failure to narrow this complaint down to this specific statutory reference.

In all likelihood, the district attorney knew of the facts surrounding this incident prior to the filing of the information so presumably it was known that defendant could be charged under the party-to-a-crime action. This should have been done. However, failure to do so, in the absence of other circumstances showing a detrimental effect on the defendant, would appear to be harmless error. The defendant knew what he was charged with and there is nothing in the record to indicate that had this statute been specifically referred to in the information, his trial strategy would have been any different. The state's burden of proof is still the same in either event.

It follows that an instruction given to the jury based on a party-to-a-crime offense was not improper. [22]

The defendant's remaining attack on the instruction on a party to a crime is based on the assertion that the

---

[21] *Id.* at page 195.
[22] *See* Wis J I—Criminal, Part I, 400.

evidence failed to establish that the defendant was a party to a crime.

While we have already considered and rejected defendant's challenge to the sufficiency of the evidence as related to the three elements of the attempted burglary, here defendant's challenge is to the sufficiency of the evidence to show that defendant actually or directly committed the alleged crime.

But this court has said:

"Under the terms of sec. 939.05 (2) (b) and (c), Stats., a person may be vicariously liable for a substantive crime directly executed by another. Under the complicity theory of sec. 939.05 (2) (b), a person is liable for the substantive crime committed by another if (1) he undertakes conduct (either verbal or overt action) which as a matter of objective fact aids another person in the execution of a crime, and further if (2) he consciously desires or 'intends' that his conduct will yield such assistance. He must consciously direct his conduct toward the realization of the criminal objective. He must have a 'stake in the outcome.' " [23]

As we have previously stated herein, the jury could reasonably infer from the evidence produced at this trial that the defendant committed the overt act of "looking out." From this the jury could also reasonably infer that defendant by his act of looking out intended to aid Watkins commit the crime of burglary at the Port Bar. Thus, it would appear that the record here, although not the strongest one possible, does establish that defendant aided and abetted Watkins in the attempted burglary. He had a stake in the outcome. The defendant could properly be held to be vicariously liable for a substantive crime, albeit an incomplete substantive crime, committed by Watkins.[24]

*By the Court.*—Judgment and order affirmed.

[23] *State v. Nutley* (1964), 24 Wis. 2d 527, 554, 555, 129 N. W. 2d 155.

[24] *See State v. Nutley, supra,* footnote 23. *See also Krueger v. State* (1968), 39 Wis. 2d 729, 159 N. W. 2d 597.