NICHOLAS, Plaintiff in error, v. STATE, Defendant in error.*

*No. State 99. Argued January 8, 1971.—Decided February 2, 1971.*
(Also reported in 183 N. W. 2d 11.)

* Motion for rehearing denied, without costs, on March 30, 1971.

684

For the plaintiff in error there was a brief by *Boren, Schmidt & Fleming* and *Morton J. Schmidt,* all of Cudahy, and oral argument by *Morton J. Schmidt.*

For the defendant in error the cause was argued by *Victor Manian,* first assistant district attorney of Milwaukee county, with whom on the brief were *Robert W. Warren,* attorney general, and *E. Michael McCann,* district attorney.

HANLEY, J.   The issues presented on this review are:

(1) Was it reversible error to allow the district attorney to question the defendant as to his prior offenses;

(2) Was it error for the state to fail to cite sec. 939.05, Stats. (party to a crime), in the information charging the defendant with violation of sec. 943.32 (1) (b) and (2) (armed robbery) ;

(3) Should the defendant be granted a new trial because William Ashford, an accomplice, who testified against him at trial, has now executed an affidavit recanting his testimony; and

(4) Was the evidence sufficient to sustain a conviction beyond a reasonable doubt?

*Cross-examination as to prior convictions.*

The defendant's counsel contends that it was error to let the district attorney demonstrate on cross-examination that the defendant had a record which listed eleven criminal convictions.

Sec. 885.19, Stats., provides:

"**Convict.** A person who has been convicted of a criminal offense is, notwithstanding, a competent witness,

but the conviction may be proved to affect his credibility, either by the record or by his own cross-examination, upon which he must answer any question relevant to that inquiry, and the party cross-examining him is not concluded by his answer."

The defendant concedes that cross-examination as to prior convictions is authorized by sec. 885.19, Stats., but he argues that when the defendant (or any witness) states first on direct examination that he has been convicted and then also states how many times he has been convicted, this admission on direct examination precludes any further reference to the matter of prior convictions on cross-examination.

The fact of prior convictions and the number thereof is relevant evidence because the law in Wisconsin presumes that one who has been convicted of a crime is less likely to be a truthful witness than one who has not been convicted. In addition, the number of prior convictions is also held to be relevant evidence on the issue of credibility because the more often one has been convicted, the less truthful he is presumed to be. *Liphford v. State* (1969), 43 Wis. 2d 367, 168 N. W. 2d 549. This presumption obtains in both civil and criminal litigation. *Underwood v. Strasser* (1970), 48 Wis. 2d 568, 180 N. W. 2d 631.

While allowing such evidence, this court has nevertheless recognized that such evidence has a great potential for abuse. The court is aware that the jury might well take such evidence to mean a good deal more than the mere fact that the defendant is a person of doubtful veracity. The jury may conclude that if he has committed all those other crimes, then he probably committed the one he is on trial for also, or if he didn't, he ought to be convicted anyway because his past acts show him to be a bad and dangerous character who ought to be incarcerated. The likelihood of this reaction by the jury is increased when the state is allowed to expatiate on the nature and details of the past crimes. In view of this and

in order to mitigate the potentially prejudicial impact of prior conviction evidence, this court has held that the "nature" of prior crimes may not be brought out on cross-examination. The party conducting the cross-examination may ask the witness only two questions, to wit: Has he ever been convicted of a crime; and, if so, how many times? If the witness' answers are truthful and accurate, then no further inquiry may be made. However, if the witness lies or claims he cannot remember, the cross-examiner is entitled to supply for the jury the information which the witness has denied or failed to recall. Frequently a party's own attorney will elicit this information on direct examination in the hope that the impact of this information on the jury will be less if it is brought out on direct instead of on cross-examination. This tactic is permissible; and the matter may not be pursued on cross-examination—provided the answers on direct are truthful and accurate. However, if on direct, the answers are inaccurate or incomplete, then the correct and complete facts may be brought out on cross-examination. Generally, this is done by asking the defendant if he was convicted of a particular crime on a particular date; and if he still denies it, then his criminal record may be put in evidence in order to show that he, in fact, has been convicted.

When asking the witness about prior crimes, it is permissible to mention the crime by name in order to insure that the witness understands which particular conviction is being referred to.

In the instant case, the defendant claimed on direct examination that he could only remember four convictions. On cross-examination, with the district attorney's help, the defendant's memory improved considerably, to wit:

"*Mr. Klinkowitz:*
"*Q.* Were you arrested and convicted of a crime of burglary on November 19, 1948?

"*A.* That's about 10 months after I got out of the service.

"*The Court:* The question calls for an answer of yes or no.

"*A.* Before I—yes, about 10 months after I got out.

"*Mr. Klinkowitz:*

"*Q.* Were you arrested of the crime of burglary on May 28, 1952?

"*A.* Yes, I was. That's one of the two of them.

"*Q.* Were you arrested and convicted of the crime of forgery on September 16, 1953?

"*A.* Yes, I believe I was.

"*Q.* Were you arrested and convicted of the crime of carrying a concealed weapon on December 19, 1965?

"*A.* No, I wasn't. That was reduced to disorderly conduct because it wasn't a concealed weapon.

"*Q.* Were you arrested and convicted of the crime of abandonment on April 12, 1960?

"*A.* No, I wasn't.

"*Q.* Were you arrested and convicted of the crime of carrying a concealed weapon on March 31, 1963?

"*A.* Yes, I believe I had. Yes, I do.

"*Q.* Were you arrested and convicted of the crime of forgery, 2 counts of forgery, one count of uttering a forged check, the arrest date, November 15, 1967?

"*A.* That's the one I quoted already for the record, November 26th I believe, a party to a crime.

"*Mr. Klinkowitz:* I have no further questions of this witness."

The defendant objects to the fact that the district attorney was allowed to mention his prior convictions by name (*i.e.,* burglary, forgery, etc.). He relies primarily on *State v. Adams* (1950), 257 Wis. 433, 43 N. W. 2d 446.

In the *Adams Case,* the court held, as it has in numerous cases since then, that when the defendant has answered truthfully as to his prior convictions on direct examination, then nothing further may be said about them on cross-examination. In *Adams,* the defendant was charged with abortion. On direct examination he admitted four prior convictions, and that was an accurate and complete statement. On cross-examination the dis-

trict attorney read off all four of the prior convictions by name and one of those was abortion.

On appeal, this court held it was error to allow the district attorney to ask any questions about prior convictions, much less go into the nature of them. But the reason for the holding was that the defendant had already truthfully stated the facts on direct examination, and there was no need to allow them to be repeated on cross-examination. Thus, the error in *Adams* arose not from the fact that the cross-examiner was allowed to mention a prior crime by name, but rather from the fact that he was allowed to ask about prior crimes at all.

However, as discussed earlier, it is proper to prove by the record or by cross-examination that the defendant has been previously convicted where he has denied or failed to recall that fact on direct examination; and referring to crimes by name alone without going into the details thereof is permissible in order to accurately identify the crime in question. *Rausch v. Buisse* (1966), 33 Wis. 2d 154, 146 N. W. 2d 801; *State v. Midell* (1968), 39 Wis. 2d 733, 159 N. W. 2d 614; *Strait v. State* (1969), 41 Wis. 2d 552, 164 N. W. 2d 505. In some cases, such as *Adams, supra,* where one or more of the past offenses is the same crime as that for which the defendant is presently on trial, then it may be highly prejudicial to have the jury hear them mentioned by name. Nevertheless, the jury is entitled to know of such conviction in order to appraise the defendant's credibility.

The defendant controls the choice of whether or not past offenses will be mentioned by name. He can avoid such mention by truthfully acknowledging the fact and number of such convictions on direct examination. If he chooses not to do this, then he must face the risks involved in allowing such information to be brought out on cross-examination.

In addition to challenging the operation of the rule, defendant also attacks the fundamental logic of it. He argues that if, as this court has held, the only purpose of

past-conviction evidence is to show poor credibility, then such evidence should be limited to only those crimes which relate to honesty and veracity. Many authorities support this approach. *See:* Model Code of Evidence, Rule 106, p. 117; 9A Uniform Laws Annotated, *Evidence,* Rule 21, p. 607; McCormick, *Evidence* (hornbook series), p. 91, sec. 43; 1959 Wis. L. Rev. 312, Comment—*Impeachment of a Witness' Credibility by Proof of a Prior Criminal Conviction;* but this court has rejected it (*Rausch v. Buisse, supra,* at page 168) on the grounds that the Wisconsin rule is set forth in a statute, and change thereto must be submitted to this court in the form of a proposed rule change or addressed to the legislature. Therefore, in view of all of the foregoing, it is clear that the defendant's claim of error as to admission of prior conviction evidence must be denied.

### *Necessity of citing sec. 939.05, Stats., in the information.*

The defendant contends it was error to charge him with being a principal in the armed robbery without additionally including in the information sec. 939.05, Stats., informing him that he was being charged as a party to a crime.

In this case the defendant did not actually point the gun and take the money, but he may be convicted and punished as though he did, pursuant to sec. 939.05, Stats.

Since this is the law, defendant argues that the information must cite sec. 939.05, Stats., in addition to the substantive crime with which he is charged. He relies on *La Vigne v. State* (1966), 32 Wis. 2d 190, 145 N. W. 2d 175, wherein this court commended the practice of citing sec. 939.05 in the information when the district attorney knows in advance that it will be applicable. In *Bethards v. State* (1970), 45 Wis. 2d 606, 618, 173 N. W. 2d 634, this court was asked to make the suggested prac-

tice in *La Vigne* mandatory. The court declined, and the reasons therefore are dispositive of the same issue in this case.

In *Bethards* the court said:

"We are satisfied that what we commended in *La Vigne* as good practice should not now be made mandatory.

"The state has well observed that the recommendation of *La Vigne* should not be made a mandatory requirement because (1) it is often difficult to tell in advance of filing the information whether to charge the defendant as the principal or under this section as a party to the crime; (2) the statute itself does not require that a defendant in a position such as the instant defendant, be specifically charged with violation of this section; and finally, (3) that even if it was error for the information not to contain reference to sec. 939.05, Stats., it was harmless error for the defendant could not have been prejudiced by a failure to narrow this complaint down to this specific statutory reference.

"In all likelihood, the district attorney knew of the facts surrounding this incident prior to the filing of the information so presumably it was known that defendant could be charged under the party-to-a-crime action. This should have been done. *However, failure to do so, in the absence of other circumstances showing a detrimental effect on the defendant, would appear to be harmless error.* The defendant knew what he was charged with and there is nothing in the record to indicate that had this statute been specifically referred to in the information, his trial strategy would have been any different. The state's burden of proof is still the same in either event." (Emphasis supplied.)

Here the complaint and warrant with which the defendant was served indicates unequivocally in the probable cause portion of each of those documents "that the defendant was one of the four persons who held him up and robbed him of his money as aforestated." We conclude that failure to charge the defendant under the party-to-a-crime section, in the absence of other circumstances showing a detrimental effect on the defendant, would be harmless error.

*Does recanting affidavit of witness require a
new trial?*

At trial, William Ashford testified that he was a participant in this robbery, and he identified the defendant as not only the driver of the getaway van but as the mastermind of the whole scheme. Ashford has now executed affidavits recanting this testimony and swearing that he perjured himself at the time of trial. His motive for this alleged perjury is as follows: He was nineteen years of age at the time of this offense, and it was his first offense as an adult. He was first convicted in a trial separate and prior to that of the defendant. But sentencing on that conviction was withheld pending the outcome of this case at the trial level. Ashford claims now that he never knew the defendant prior to the defendant's trial. He alleges that the district attorney's office promised Ashford that if he (Ashford) would implicate the defendant at his (the defendant's) trial, then the district attorney's office would see to it that Ashford only received probation for his first adult offense.

In *Zillmer v. State* (1968), 39 Wis. 2d 607, 616, 159 N. W. 2d 669, this court reiterated with approval the already well-established rule that a new trial may be based on an admission of perjury only if the facts in the affidavit are corroborated by other newly discovered evidence. Here the defendant is unable to point to any "other newly discovered evidence" which would corroborate the affidavit of William Ashford.

We conclude that recanting affidavits, standing alone, are of no legal significance.

*Sufficiency of evidence.*

This court has repeatedly held that:

". . . when the question of the sufficiency of the evidence is presented on appeal in a criminal case the only question for this court is whether the evidence adduced, believed and rationally considered by the jury, was sufficient to prove the defendants' guilt beyond a reasonable doubt. . . ." [1]

Applying that test to our review of the entire trial record, we are satisfied that the defendant's conviction is supported by a sufficiency of evidence. In addition to William Ashford's testimony as an accomplice, there were two separate eyewitness identifications of the defendant as the driver of the van truck used in the robbery.

*By the Court.*—Judgment and order affirmed.

---

[1] *Lock v. State* (1966), 31 Wis. 2d 110, 114, 142 N. W. 2d 183.
* Motion for rehearing denied, with costs, on March 30, 1971.