Lloyd GYRION and Wisconsin Physicians
Service, Plaintiffs-Appellants,

v.

Jon BAUER, Jack Bauer, d/b/a Bauer Trucking
and General Casualty Company of Wisconsin,
Defendants-Respondents.

Court of Appeals

*No. 85–0681. Submitted on briefs April 29, 1986.—Decided
July 15, 1986.*

(Also reported in 393 N.W.2d 107.)

For the plaintiffs-appellants, Lloyd G. Gyrion and Wisconsin Physicians Service, there were briefs by *James M. Mason* of *Mason Law Offices* of Wisconsin Rapids, WI.

For the defendants-respondents, Jon Bauer, Jack Bauer, d/b/a Bauer Trucking and General Casualty Company of Wisconsin, there was a brief by *William A. Grunewald* of *Nikolay, Jensen, Scott & Gamoke, S.C.,* of Medford, WI.

Before Cane, P.J., Dean and LaRocque, JJ.

CANE, P.J.   Lloyd Gyrion and Wisconsin Physicians Service appeal a judgment affirming the jury's verdict finding that Jon Bauer was not negligent. Gyrion argues that the jury's verdict is not supported by the evidence and that the trial court erred by allowing cross-examination regarding Gyrion's criminal record. Because Bauer's attorney placed inadmissible evidence of Gyrion's criminal record before the jury, we reverse the judgment and remand for a new trial.[1]

Gyrion and Bauer were involved in a truck-motorcycle accident. The facts surrounding the accident are disputed, and the credibility of both Gyrion and Bauer were at issue during the trial. While Bauer's

---

[1] Because we conclude that the judgment must be reversed, we do not address the issue of whether the jury's verdict was supported by the evidence.

attorney was cross-examining Gyrion, the following colloquy took place:

Q: Mr. Gyrion, have you ever been convicted of a crime?

A: No, sir.

Q: Have you ever been convicted of non-support?

A: No, sir.

Gyrion's attorney immediately objected to the line of questioning on the grounds that the matter had not been the subject of a motion in limine. The trial court sustained the objection. Later, at a conference outside the jury's presence, Bauer's attorney revealed that Gyrion had been convicted of criminal nonsupport of his wife and children in 1948 and had served two years in prison.

Gyrion was recalled to the stand by his own attorney and, in the jury's presence, testified that he did not know of the conviction until he was shown the court record that day. He also testified that he had never been in prison. Dorothy Gyrion, Lloyd's wife, testified that in 1948 Lloyd had temporarily left his family at home and went to Milwaukee to look for work. Dorothy testified that while Lloyd was gone and she had no money coming in, she sought aid at the local social services office. She recalled being given some food for the children, but she was not aware that Lloyd was convicted of nonsupport.

Subsequent investigation by Gyrion's attorney produced Gyrion's entire criminal conviction record. The record revealed that Gyrion had appeared before a justice of the peace on January 2, 1948. The record contained numerous documents dated January 2. It ap-

pears that Gyrion was given a stayed prison sentence after pleading guilty to nonsupport and was immediately placed on probation.[2] Gyrion's attorney moved for a mistrial on the grounds that immaterial and inadmissible evidence had come before the jury and had impermissibly impeached Gyrion's credibility. The trial court denied Gyrion's motion and later gave the jury a curative instruction regarding the evidence of Gyrion's conviction.

Evidence of a criminal conviction is generally admissible to attack the credibility of a witness. Section 906.09(1), Stats. However, sec. 906.09(3) provides as follows:

> Admissibility of conviction. No question inquiring with respect to conviction of a crime, nor introduction of evidence with respect thereto shall be permitted until the judge determines pursuant to s. 901.04 whether the evidence should be excluded.

Gyrion argues that this statute requires a party to seek prior approval from the trial court before asking any witness a question about his or her criminal record. Bauer argues that cases decided prior to the passage of sec. 906.09(3) allow the cross-examining attorney to ask the witness two questions: Have you ever been convicted of a crime and, if so, how many times? *See Nicholas v. State,* 49 Wis. 2d 683, 689, 183 N.W.2d 11, 14 (1971).

---

[2] The record contains the following documents: a justice of the peace's statement binding Gyrion over to court, an order that Gyrion be placed in the custody of the Wood County Jail, the information from the district attorney, a request to plead in county court, a sentence to two years in prison upon Gyrion's plea of guilty, an application for probation, and an order granting probation and staying the sentence.

■

We conclude that sec. 906.09(3) prohibits the introduction of any evidence with respect to criminal convictions until the trial court has ruled on the admissibility of the evidence. Although sec. 906.09(1) allows the use of evidence of a conviction to impeach a witness, sec. 906.09(2) allows the trial court to exclude evidence of a conviction if the probative value is substantially outweighed by the danger of unfair prejudice. *State v. Pitsch,* 124 Wis. 2d 628, 639, 369 N.W.2d 711, 717 (1985). To prevent the suggestion of inadmissible evidence to the jury,[3] sec. 906.09(3) provides that introduction of evidence with respect to conviction shall not be permitted until the trial court determines whether the evidence should be excluded. *Pitsch,* 124 Wis. 2d at 639, 369 N.W.2d at 717. It follows that while a witness may be cross-examined regarding prior convictions, he may not be so cross-examined until there has been a hearing on the admissibility of the prior convictions.[4] We conclude that sec. 906.09(3) requires that the trial court make a threshold determination regarding the admissibility of prior convictions before there is any cross-examination on prior convictions.[5]

---

[3] 59 Wis. 2d R176, Judicial Council Committee's Note R182 (1974).

[4] *See* 63 Op. Att'y Gen. 426–27 (1974).

[5] It is true that the new Rules of Evidence, including sec. 906.09(3), do not change prior case law with respect to admissibility of prior convictions. *Voith v. Buser,* 83 Wis. 2d 540, 545, 266 N.W.2d 304, 306 (1978). The new rules were effective January 1, 1974. Bauer cites no cases, however, and we can find none prior to the effective date of the new rules dealing with the issue whether permission of the court must be obtained before asking a question about criminal convictions.

We hold that the trial court erred by denying Gyrion's motion for mistrial. While the improper admission of evidence of a prior conviction is not ipso facto prejudicial, we cannot conclude in this case that this evidence did not taint the jury's verdict. *See Voith v. Buser,* 83 Wis. 2d 540, 547, 266 N.W.2d 304, 307 (1978). The evidence regarding the accident was conflicting and, in the absence of this prejudicial testimony, the jury may well have chosen to believe Gyrion's version of the accident. Because of the admission of clearly prejudicial evidence, the judgment is reversed and the cause remanded for a new trial.

*By the Court.*—Judgment reversed and cause remanded.