UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted December 20, 2006[*]
Decided December 22, 2006

**Before**

Hon. FRANK H. EASTERBROOK, *Chief Judge*

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

No. 06-2973

| | |
|---|---|
| KEITH A. HEWITT, <br>     *Petitioner-Appellant*, | Appeal from the United States <br> District Court for the Eastern <br> District of Wisconsin |
|     *v.* | No. 05-C-1079 |
| JUDY P. SMITH, <br>     *Respondent-Appellee*. | Rudolph T. Randa <br> *Chief Judge*. |

**O R D E R**

A jury in Wisconsin found Keith Hewitt guilty of substantial battery for punching his girlfriend in the jaw, WIS. STAT. § 940.19(2), and the trial court sentenced him as a habitual offender to 2½ years of imprisonment and 3½ years of extended supervision, *id*. § 939.62. At trial, the victim testified that her fractured jaw resulted from a slip and fall, not from being punched, but the prosecution introduced her prior statements to police and medical providers that Hewitt struck

---

[*] After examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. Fed. R. App. P. 34(a)(2).

her in the face with his fist.  Hewitt likewise testified that the victim injured herself in a fall, but he was impeached by evidence of ten prior convictions.  After exhausting his state remedies, Hewitt petitioned under 28 U.S.C. § 2254 for a writ of habeas corpus.  As relevant here, he claimed that his trial lawyer rendered constitutionally ineffective assistance by failing to object when he was cross-examined about the nature of his prior convictions, and when the prosecutor specifically named the victim of one prior offense, an assault.  The district court denied the petition but granted Hewitt a certificate of appealability to proceed with this claim on appeal.

Hewitt alleged the same omissions in the Wisconsin courts.  In rejecting his ineffective-assistance claim, the state appellate court (the last state court to reach the merits) explicitly applied *Strickland v. Washington*, 466 U.S. 668 (1984), and held that counsel's performance, even if deficient, was not prejudicial.  *State v. Hewitt*, No. 2004AP2020-CR, 2005 WL 1477786, at *1 (Wis. Ct. App. June 23, 2005); *see also Strickland*, 466 U.S. at 693, 696.  The appellate court concluded that there wasn't a reasonable probability of acquittal given the evidence against Hewitt.  *Hewitt*, 2005 WL 1477786, at *1.  Since the underlying facts are not in dispute and the appellate court correctly identified *Strickland* as the controlling Supreme Court precedent, our task will be finished if we conclude that the court's application of the *Strickland* prejudice prong is not objectively unreasonable.  *See* 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 409-13 (2000); *Conner v. McBride*, 375 F.3d 643, 649, 657 (7th Cir. 2004); *Earls v. McCaughtry*, 379 F.3d 489, 492 (7th Cir. 2004).

A state court's application of federal law is not unreasonable unless it falls "well outside the boundaries of permissible differences of opinion."  *Hardaway v. Young*, 302 F.3d 757, 762 (7th Cir. 2002).  That is not the situation here.  The victim suffered a fractured jaw, and the only issue at trial was whether Hewitt struck her or she fell.  As the state court noted, the prosecution's medical expert testified that her story about falling was improbable given the nature of the victim's injury, which was most consistent with a punch.  The court also noted that during the week after she was injured the victim told a police officer, a doctor, and two nurses that Hewitt had punched her and caused the fracture; she said nothing to any of these witnesses about falling.  In view of this testimony, and given that Wisconsin law permits a prosecutor to impeach a defendant by asking if and how many times he has been convicted of a crime, *see State v. Kuntz*, 467 N.W.2d 531, 542-43 (Wis. 1991); *Nicholas v. State*, 183 N.W.2d 11, 14-15 (Wis. 1971), we could not characterize the appellate court's prejudice analysis as unreasonable, even if trial counsel should have objected when the prosecutor went further and elicited details about Hewitt's prior offenses.

AFFIRMED.