BRENNAN, J.
¶1 Deshawn J. Driver appeals a judgment of conviction for armed robbery and an order denying his postconviction motion.[1] Driver argues that he is entitled to a remand for a restitution hearing before a different judge. At the start of Driver's restitution hearing, the trial court told defense counsel on the record, before hearing testimony from any witness, that the victim's word "is more credible than your client's words[.]" Later in the hearing, when defense counsel told the court that Driver and his co-defendant did not see "a lot" of the items the victim claimed were in the stolen car, the trial court said it would "take that without their testimony" and added, "That's why I didn't give them a chance to say it." Driver argues that these statements constituted objective bias and violated his constitutional due process right to an impartial tribunal.
¶2 Based on the record, we conclude that Driver is entitled to a restitution hearing before a different judge. A defendant may rebut the presumption that a judge acted fairly, impartially, and without prejudice "by showing that the appearance of bias reveals a great risk of actual bias." State v. Herrmann , 2015 WI 84, ¶3, 364 Wis. 2d 336, 867 N.W.2d 772. See also State v. Goodson , 2009 WI App 107, ¶¶1, 13, 18, 320 Wis. 2d 166, 771 N.W.2d 385 (holding that defendant was entitled to a new hearing before a different judge because "prejudging" the defendant's sentence showed objective bias).
BACKGROUND
¶3 On November 7, 2016, at about 7:30 a.m., Driver and Kanyacies Phipps walked up to P.B., who was unloading groceries from her car, pointed a BB gun at her, took her purse, and drove off in her car. Later that day, the two were spotted by police driving the stolen car, led police on a chase, crashed head on into an oncoming car, and fled on foot from the scene. They were arrested shortly thereafter and gave statements to police. Driver ultimately pled guilty to and was convicted of a charge of armed robbery as a party to a crime. A restitution hearing was scheduled,[2] and P.B. submitted a restitution worksheet itemizing the contents of the car and her purse as well as other damages, out-of-pocket expenses, and medical expenses.
¶4 Immediately upon calling the case and hearing appearances, and prior to testimony, the trial court asked Driver's counsel, "Before we get [P.B.] on the phone, is the defense challenging the $350 for the stroller that was in the car?" Driver's counsel answered, "[W]e do have a question about this stroller[.]" The following exchange occurred between the trial court and Driver's counsel:
The court: [T]here's a whole itemization list on the other side [of the restitution worksheet]. Any of those things you're challenging, [counsel]?
[Counsel]: There are items we are challenging, yes.
The court: And the reason?
[Counsel]: Some of the items were not present in the car.
The court: Well, no. If [P.B.] testifies that they were in the car, it's going to go down.
[Counsel]: I was just stating what my client says.
The court: And is that what you're challenging on the stroller and car seat too?
[Counsel]: Yes.
The court: All right. So we'll-The first question will be if they're in the car, that's fine. You know, her word is more credible than your client's words.
¶5 The trial court then reviewed the list of items for which restitution was requested with the prosecutor before calling P.B. to testify by telephone. P.B. testified on direct and was then cross-examined by Driver's counsel. Driver's counsel stated, in part, "My client does dispute several of the items listed in [P.B.'s] list of items." Counsel for Driver's co-defendant stated that his client "would testify ... that he did not ... see a lot of these items." The trial court responded, "Well, I'll take that without their testimony that they didn't see all these items. That's why I didn't give them a chance to say it. They simply deny these items were there, and frankly, their credibility is not-is not good with the Court."
¶6 The trial court ordered restitution in the amount of $5175.34.
¶7 Driver brought a motion for postconviction relief, making statutory and constitutional arguments. His statutory argument was that he had been deprived of his statutory right to be heard. He bases this on the portion of the transcript where the trial court stated, "I didn't give [the two co-defendants] a chance to say" that they did not see the items. His constitutional argument was that the trial court "prejudged the facts or the law," that this was inconsistent with constitutional due process guarantees, and that he was therefore entitled to a restitution hearing before an impartial judge. In support of this argument, he argued that "[b]efore hearing any testimony, [the trial court] rejected Mr. Driver's proposed testimony[.]" His motion also quoted the portion of the transcript in which the trial court stated, before hearing testimony, that the victim was "more credible[.]"
¶8 The postconviction court concluded that there was no statutory violation because "[n]othing in [ WIS. STAT. § 973.20(14) ] ... requires a defendant's personal testimony at a restitution hearing," and that "the record demonstrates that the defendant was given an opportunity to be heard, through his attorney, and to cross-examine the victim witness[.]" It also "reject[ed] any claim that [the trial court] exhibited bias when it found the victim's testimony to be more credible than the defendant's proffered testimony."
¶9 This appeal follows.
DISCUSSION
I. Standard of review and relevant law.
¶10 The due process violation Driver alleges in this case is that at the restitution hearing the trial court prejudged the credibility of the witnesses' testimony before hearing it and permitted no testimony from Driver, and this constituted objective bias.[3]
¶11 "Whether a judge was objectively not impartial is a question of law that we review independently." State v. Pirtle , 2011 WI App 89, ¶34, 334 Wis. 2d 211, 799 N.W.2d 492 ; see also Goodson , 320 Wis. 2d 166, ¶7 ("Whether a circuit court's partiality can be questioned is a matter of law that we review independently.").
¶12 There is a presumption that a judge acted fairly, impartially, and without prejudice. Goodson , 320 Wis. 2d 166, ¶8. "A defendant may rebut the presumption by showing that the appearance of bias reveals a great risk of actual bias." Herrmann , 364 Wis. 2d 336, ¶3. "Such a showing constitutes a due process violation." Id.
¶13 When a reviewing court finds that a trial court has not been objectively impartial, the reviewing court is precluded from applying a harmless error analysis. See Neder v. United States , 527 U.S. 1, 8 (1999) (holding that harmless error analysis is not permitted for the following, which are deemed "structural errors": lack of counsel, judicial bias, racial discrimination in jury selection, denial of self-representation at trial, denial of public trial, defective reasonable-doubt instruction). Instead, where such an error occurs, it is "so intrinsically harmful as to require automatic reversal[.]" Id. at 7.
II. We exercise our authority to ignore forfeiture and address the merits.
¶14 At the restitution hearing, Driver made no timely objection concerning the due process argument. The parties disagree about whether Driver therefore forfeited appellate review of that claim.
¶15 The State argues that he has. It argues that the governing case is State v. Marhal , 172 Wis. 2d 491, 504-05, 493 N.W.2d 758 (Ct. App. 1992), which analyzed a judicial bias claim as a claim for disqualification of the judge and held that a timely objection is required to preserve such a claim for appeal.
¶16 Driver argues that the case that governs the question of forfeiture of a due process bias claim is State v. Carprue , 2004 WI 111, ¶¶57-59, 274 Wis. 2d 656, 683 N.W.2d 31. Carprue addressed both a claim of a statutory violation and a claim of due process violation based on judicial bias. Id. , ¶¶31, 58. Both claims arose from the same act: the trial judge's calling and questioning of witnesses. See id. , ¶29 ("From the outset, Carprue's appeal has focused on [the trial court's] calling and questioning of Kenneth Morrow and her questioning of Carprue .... The issues presented by the court's actions could be addressed under any of three legal theories[ ]"-a statutory violation, ineffective assistance of counsel, or a violation of "Carprue's due process rights to a fair trial before an impartial judge."). The court held that Carprue's statutory violation claim had been forfeited, id. , ¶35, but it addressed the due process claim on the merits even though Carprue had not preserved it with a contemporaneous objection. Id. , ¶58. Our supreme court prefaced its analysis of the alleged due process violation by noting that "such error could not be waived[.]" Id. , ¶57. The court concluded that the due process claim failed, not because it was forfeited, but because Carprue "present[ed] no basis" for finding bias and did "no more than allege that [the judge] harbored general bias in favor of the State in criminal prosecutions[.]" Id. , ¶60. Driver argues that under Carprue , his due process claim cannot be waived.
¶17 We note that this court has previously addressed a due process judicial bias claim on the merits even where the claim was raised for the first time in a postconviction motion. See Goodson , 320 Wis. 2d 166, ¶6 ("Goodson filed a motion for postconviction relief, arguing that he had been deprived of the right to an impartial judge because the court prejudged the reconfinement sentence.").
¶18 However, we need not decide this question. Regardless of whether a party must contemporaneously object to preserve a claim of a due process violation based on judicial bias, we have the authority to disregard forfeiture arguments and address the claim on the merits. We choose to exercise that authority here. "[T]he waiver rule is one of judicial administration and ... appellate courts have authority to ignore the waiver." State v. Erickson , 227 Wis. 2d 758, 766, 596 N.W.2d 749 (1999).
III. The trial court's pre-testimony statements prejudged witness credibility and created "an appearance of bias that reveals a great risk of actual bias."
¶19 The State argues that the restitution court "did not exhibit either actual bias or the appearance of bias when it commented that P.B. was inherently more credible than Driver regarding what was in her car or purse when Driver and [the co-defendant] stole them." In support of this proposition the State cites the legal presumption that a person convicted of a crime is less credible than a person without a criminal record. See WIS. STAT. § 906.09 and Nicholas v. State , 49 Wis. 2d 683, 688, 183 N.W.2d 11 (1971). In response to Driver's argument that the court's pre-testimony statements are evidence that it had prejudged the matter, the State's position is that "the court was entitled to indicate that it would believe P.B. if she testified affirmatively that the items were in the car or her purse."
¶20 Driver emphasizes that the restitution court made a credibility determination "before hearing testimony from any of them." He argues that a criminal record is a relevant consideration, but it does not "justify dispensing with the testimony altogether and making a credibility finding based on the witness's criminal record alone."
¶21 It is well established that criminal convictions presumptively weigh against a witness's credibility, but we agree with Driver that a trial court cannot, consistent with due process guarantees, reach a credibility determination before it hears witnesses testify. This principle is supported by the holdings in other cases in which this court has examined claims that a trial court has prejudged a matter.
¶22 In State v. Gudgeon , this court examined whether a defendant had received due process where the judge had, in advance of the revocation hearing, written a note on a proposal from the probation agent saying, "I want his probation extended." Id. , 2006 WI App 143, ¶¶2-3, 295 Wis. 2d 189, 720 N.W.2d 114. This court concluded, "The ordinary reasonable person would discern a great risk that the trial court in this case had already made up its mind to extend probation long before the extension hearing took place. Further, nothing in the transcript of the extension hearing would dispel these concerns." Id. , ¶26.
¶23 Similarly, in Goodson , this court addressed a claim of a due process violation based on an allegedly impartial judge. Id. , 320 Wis. 2d 166, ¶1. We concluded that the trial court's statements prior to a reconfinement hearing telling Goodson what the hearing's outcome would be "violated Goodson's due process right to be sentenced by an impartial judge." Id. , ¶18. Our conclusion was based on the principle that " 'when a judge has prejudged ... the outcome,' the decision maker cannot render a decision that comports with due process." Id. , ¶17 (citing Franklin v. McCaughtry , 398 F.3d 955, 962 (7th Cir. 2005) ).
¶24 The record undisputedly shows that the restitution court made its statements about credibility determinations before any witness testified. As in Goodson and Gudgeon , the trial court's statements gave the appearance that it had already prejudged the matter and created an appearance of bias that "reveals a great risk of actual bias." See Herrmann , 364 Wis. 2d 336, ¶3. Driver is therefore entitled to a restitution hearing before a different judge.
By the Court. -Judgment and order reversed and cause remanded with directions.
Not recommended for publication in the official reports.

The Honorable Dennis R. Cimpl presided over the restitution hearing and entered the judgment of conviction. The Honorable Dennis P. Moroney issued the order denying Driver's postconviction motion.

A court's authority to hold a restitution hearing and to order restitution is established by Wis. Stat. § 973.20(1r) (2017-18), which states that a sentencing court "shall order the defendant to make full or partial restitution under this section to any victim of a crime considered at sentencing ... unless the court finds substantial reason not to do so and states the reason on the record." Id. If a hearing is held prior to the determination of the amount of restitution, such a hearing is governed by § 973.20(14)(d), which describes each party's burden and each party's right "to be heard, personally or through counsel, to present evidence and to cross-examine witnesses[.]"
All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

Driver also argues that the hearing did not satisfy the requirements of Wis. Stat. § 973.20(14)(d), a provision of the restitution statute, because he was not afforded the right "to present evidence" and "to be heard, personally or through counsel." Id. He further argues that the statute does not give the court the power to limit him to being heard through counsel if he wishes to be heard personally. We need not reach the statutory arguments because we decide this case on due process grounds. See Turner v. Taylor , 2003 WI App 256, ¶1 n.1, 268 Wis. 2d 628, 673 N.W.2d 716 (when one issue is dispositive, we need not reach the other issues raised).